Demetrios Vorgias
1126 Radis Place
Jacksonville, FL 32225
Tel. (617) 293-1558
Email: dvorgias@gmail.com

In Propria Persona

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB - 2 2012

SEAN F. McAVOY, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

DEMETRIOS VORGIAS;

          Plaintiff,

v.

COMMUNITY HEALTH OF CENTRAL
WASHINGTON;

          Defendants.

Case No.: **1:21-cv-03013-SAB**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1.      Plaintiff Demetrios Vorgias ("Dr. Vorgias") brings this lawsuit against Defendant Central Health of Central Washington ("CHCW") for terminating his employment in CHCW's Central Washington Family Medicine Residency Program in violation of the American With Disabilities Act, the Washington Law Against Discrimination, and the parties' contractual agreement.

## PARTIES

2.      Dr. Vorgias is an individual resident in the State of Florida. Dr. Vorgias is a qualified individual with a disability as defined in 42 U.S.C. § 12131(2).

3.      CHCW is a corporation incorporated under the laws of the State of Washington with its principal place of business at 501 S. 5th Avenue, Yakima, Washington, 98202.

## JURISDICTION

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is



between citizens of different States, and pursuant to 28 U.S.C. § 1367 over all claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5.     Venue is appropriate in this judicial district under 28 U.S.C. §1391(b)(1) because CHCW is resident in this judicial district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6.     Dr. Vorgias initiated his Bachelor of Art degree in molecular and cell biology in 1993 and graduated in 2000 from University of California, Berkeley. Following this, he started a Master of Art degree in Medical Science in 2005. He completed this degree in 2009 from Boston University School of Medicine. Following this, he began his Doctor of Medicine degree from St. George's University School of Medicine in Grenada, West Indies in 2011 and completed this in 2016.

7.     After graduating from medical school and passing Step 1, Step 2 Clinical Skills, and Step 2 Clinical Knowledge of the United States Medical Licensing Examination ("USMLE"), each on his first attempt, Dr. Vorgias applied for positions in family medicine residency programs, including the Central Washington Family Medicine Residency Program.

8.     By operation of the algorithms used by the National Residency Matching Program, which involves applicants ranking residency programs and vice versa, Dr. Vorgias was "matched" into the Central Washington Family Medicine Residency Program.

9.     On or about March 27, 2018, CHCW entered into a Resident Contract in Family Medicine with Dr. Vorgias.

10.     Under Section 1 of the Resident Contract in Family Medicine, CHCW agreed "To accept Demetrios Vorgias, MD, MA, MBA as a resident physician in Family Medicine for the period beginning June 25, 2018 and ending June 24, 2019. It is agreed that intention to terminate this contract by either party be accompanied by a 30 day written notice." The Resident Contract in Family Medicine provided that the "Annual salary for this year of residency is $53,326."

11.    On or about June 25, 2018, Dr. Vorgias commenced working as a resident physician at CHCW.

12.    Dr. Vorgias disclosed to some of CHCW's attending physicians that he had been diagnosed with Attention-Deficit/Hyperactivity Disorder.

13.    During Dr. Vorgias' first in-patient rotation (Family Medicine Services) in October and November 2018, CHCW attending physicians began criticizing Dr. Vorgias unfairly. On numerous occasions, attending physicians mentioned that Dr. Vorgaias appeared nervous or anxious while discussing cases, leading to substandard reviews from those physicians.

14.    On or about January 23, 2019, CHCW issued a "Consequential Citation" to Dr. Vorgias, which informed him that he "will receive an evaluation by Washington Physician Health Program, in person, in Seattle, to determine your fitness to practice in residency."

15.    Dr. Vorgias was then referred by the Washington Physician Health Program for a neuropsychological assessment.

16.    On or about February 13, 2019, CHCW informed Dr. Vorgias that he was being placed on probation.

17.    Dr. Vorgias' neuropsychological assessment took place on April 3, 2019, and he was diagnosed with Generalized Anxiety Disorder and Attention-Deficit Hyperactivity Disorder.

18.    On or about April 19, 2019, CHCW received a report of Dr. Vorgias' neuropsychological assessment.

19.    On or about April 24, 2019, less than one week after learning of Dr. Vorgias' disability, CHCW informed Dr. Vorgias that his residency employment was being terminated effective immediately.

20.    On February 24, 2020, Plaintiff filed a Charge of Discrimination against CHCW with the Washington State Human Rights Commission, in which he claimed discriminated based on disability between June 25, 2018 and May 1, 2019.

21.    Plaintiff's Charge of Discrimination was handled by the United States Equal Employment Opportunity Commission ("EEOC"), and assigned EEOC Charge Number 551-2020-01769C.

22.    On November 3, 2020, the EEOC issued a Dismissal and Notice of Rights in EEOC Charge Number 551-2020-01769C.

### FIRST CAUSE OF ACTION

**Violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*.**

23.    Plaintiff incorporates the preceding paragraphs of this Complaint by reference as though fully set forth herein.

24.    The facts described above constitute violations of the Americans With Disabilities Act. As set forth above, CHCW discriminated against Plaintiff by terminating his employment on the basis of his disabilities, failed to engage in the interactive process, and failed to reasonably accommodate Plaintiff's disabilities.

### SECOND CAUSE OF ACTION

**Violation of the Washington Law Against Discrimination**

25.    Plaintiff incorporates the preceding paragraphs of this Complaint by reference as though fully set forth herein.

26.    The facts described above constitute violations of the Washington Law Against Discrimination ("WLAD"). The WLAD's protections are not limited to Washington State "inhabitants." As set forth above, CHCW discriminated against Plaintiff by terminating his employment on the basis of his disabilities, failed to engage in the interactive process, and failed to reasonably accommodate Plaintiff's disabilities.

### THIRD CAUSE OF ACTION

**Breach of Contract**

27.    Plaintiff incorporates the preceding paragraphs of this Complaint by reference as though fully set forth herein.

28.    Plaintiff and CHCW were parties to the Resident Contract in Family Medicine.

29.    Plaintiff did all, or substantially all, of the significant things that the Resident Contract in Family Medicine required him to do.

30.    CHCW breached the Resident Contract in Family Medicine by terminating Plaintiff on April 24, 2019, without providing 30 day written notice to Plaintiff.

31.    As a direct and proximate result of CHCW's breach of the Resident Contract in Family Medicine, Plaintiff has sustained injuries and damages in an amount yet to be determined, including but not limited to, financial damages, emotional distress, and a delay to the beginning of his medical career.

## PRAYER

WHEREFORE , Plaintiff prays for damages as follows:

1.    Compensatory damages in the minimum amount of $1,000,000;

2.    For punitive and exemplary damages according to proof;

3.    An order placing Plaintiff in the position that he would have been had there been no violation of his rights;

4.    An order enjoining/restraining Defendant from further acts of discrimination or retaliation;

5.    An award of interest, costs, and reasonable attorney's fees;

6.    Any and all other remedies provided pursuant to the ADA and WLAD;

7.    Any other appropriate nondiscriminatory measures to overcome the above-described discrimination; and

8.    For such other and further relief as the Court deems just and proper.

Dated:  January 29, 2021

By:  _Demetrios Vergiss_
     Demetrios Vergias

Complaint — Page 9