The Honorable Stanley A. Bastian

William D. Pickett, WSBA #27867
THE PICKETT LAW FIRM
917 Triple Crown Way, Ste. 100
Yakima, Washington 98908
Tel: 509-972-1825
bill@wpickett-law.com
*Attorney for Plaintiff*

Luan T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S. Bascom Ave, Suite 213
San Jose, CA 95128
Tel: 408-247-4715
Email: ledowningllp@gmail.com
*Co-counsel for Plaintiff*

Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Tel: 925-487-5607
Email: seth@sethwienerlaw.com
*Co-counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEMETRIOS VORGIAS,<br><br>              Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH OF CENTRAL WASHINGTON,<br><br>              Defendant. | **Case No.: 1:21-cv-03013-SAB**<br><br>**PLAINTIFF DEMETRIOS VORGIAS' REPLY MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:** January 25, 2022<br>      With Oral Argument<br>      Via Zoom |

## I.    REPLY

### 1.    Undisputed evidence proves that Dr. Vorgias Has a Disability

Dr. Vorgias qualifies as disabled because he has a "mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1); *see also Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004),

Both the Washington Physician Health Program's April 3, 2019 neuropsychological assessment from Dr. Kelly Cornett, and Plaintiff's expert, Scott A. Whitmer, Psy.D., have diagnosed Dr. Vorgias as having Generalized Anxiety Disorder and Attention-Deficit Hyperactivity Disorder.  In addition, Dr. Whitmer also diagnosed Dr. Vorgias as having a Major Depressive Disorder.

As previously noted in Plaintiff's opening motion/memorandum the ADA's administrative regulations define "mental impairment" as "any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h)(2).

Dr. Vorgias' mental impairments substantially limit a major life activity – working. *See* 29 C.F.R. § 1630.2(i) (defining "working" as a "major life activity"); *see also Sommers v. City of Santa Clara,* 516 F. Supp. 3d 967, 989 (N.D. Cal. 2021) ("Working qualifies as a major life activity under the ADA.").

Dr. Whitmer has opined that Dr. Vorgias' Generalized Anxiety Disorder interfered with Dr. Vorgias' performance in residency.  In this regard, "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(ii).

"Courts are to 'interpret the 'substantially limits' requirement broadly, and accompanying regulations specify that '[s]ubstantially limits' is not meant to be a demanding standard." *Sommers, supra,* 516 F. Supp. 3d at 989 (citations omitted).

Here, Plaintiff has provided undisputed medical evidence from Dr. Cornett and Dr. Whitmer that he suffered from a combined total of three mental health impairments,

1) ADHD, 2) GAD, and 3) Major Depressive Disorder.  ECF No. 35, 35-1, 2, 3.
Additionally, Plaintiff informed CHCW that he was struggling in his residency with the
electronic medical record training "EMR" due to ADHD.  Defendant noted Plaintiff's
ongoing anxiety and struggles during his residency.  ECF No. 54, 54-1.  Defendant
demanded that Plaintiff undergo a neuropsychological examination with Washington
Physician Health Program "WPHP" because they were, "wondering if there was an
underlying condition.  According to CHCW program director, Micahlyn Powers, "we
did not have any idea as to what that might be.  We were --- we were open to hearing
about anything that might have come up in that evaluation."  "Did he have a mental
health or medical condition?"  ECF No. 55-1, p. 47 of 155.  According to Dr. Powers,
WPHP works with physicians, "And we really—we do trust their- - their evaluations,
and we follow their recommendations if it's reasonable within the resources of the
program to do that."  ECF No. 55-1, p.45 of 155.  Dr. Powers has also testified that, "I
was informed by the WPHP that he received a neuropsych eval, but those reports were
not forwarded to me."  ECF No. 55-1, p.46 of 155.

Defendant has submitted absolutely no medical evidence to suggest Dr. Vorgias
was not suffering from a disability at the time that they refereed him to the WPHP for
neuropsychological examination.  Accordingly, all of the evidence confirms that Dr.
Vorgias has a disability.  Partial summary judgment should be granted for Plaintiff on
this element of is discrimination claim.

    2.    **Undisputed evidence proves that Dr. Vorgias Is a Qualified Individual**

Dr. Vorgias is a "qualified individual" within the meaning of the ADA.  "The
term 'qualified individual' means an individual who, with or without reasonable
accommodation, can perform the essential functions of the employment position that
such individual holds or desires.'" 42 U.S.C. § 12111(8); *see also Smith v. Clark
County Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013).

Here, Dr. Whitmer has opined that Dr. Vorgias' "academic grades and licensing
exams demonstrate the intellectual and cognitive functioning to excel."  Further, Dr.

Vorgias met performance standards when he was mentored and received appropriate guidance and support.   Dr. Whitmer has concluded "Dr. Vorgias is highly functional and capable of finishing out a 3-year medical residency if he is provided normal supportive supervision."  ECF No. 35, 35-1.

CHCW's own final summary evaluation of Dr. Vorgias also proves that he is a qualified individual who can perform the essential job functions of his residency position.  Specifically, CHCW program director, Micahlyn Powers, ranked Dr. Vorgias as Excellent, Good, and Fair in an overall summary of his job performance during residency.  ECF No. 36-2, p. 27-29 of 33.  Dr. Vorgias did not receive any "poor" marks on his final assessment.  As such, this evidence clearly demonstrates that Dr. Vorgias is a qualified individual.

Based on the foregoing, Dr. Vorgias is capable of performing the essential functions of the medical residency position.  Accordingly, partial summary judgment should be granted for Plaintiff on this element of is discrimination claim.

**3.** **Undisputed evidence proves that Defendant had ample Notice of Dr. Vorgias' Retaliation claim.**

Dr. Vorgias WLAD retaliation claim is well documented.  Plaintiff's complaint provides undeniable notice that the facts set forth constitute violations of the Washington Law against Discrimination RCW 49.60 "WLAD".  ECF No. 1.  WLAD 49.60 includes RCW 49.60.210, which prohibits retaliation in employment.  Facts alleged in Plaintiff's complaint include, Dr. Vorgias' referral by CHCW for a neuropsychological assessment (protected activity); and 2) Dr. Vorgias' attendance at the psychological assessment/ attempting to provide the psychological assessment findings and conclusions to CHCW (participation in protected activity).  ECF No. 1, ¶17-19.

Additionally, Defendant CHCW's Answer is confirming that it was informed of Plaintiff's retaliation claim from the initial pleadings.  Defendant's Answer and Affirmative Defenses clearly state, "CHCW's treatment of Vorgias was based on legitimate, non-discriminatory, **and non-retaliatory** reasons.  ECF No. 9, p.7 of 10, ¶3

(Defendant's Answer and Affirmative Defenses).

Additionally, Defendant's Interrogatories to Plaintiff asked about every person with whom you communicated about, or with whom you in any manner discussed, **the allegation set forth in your Complaint,** or this action, including the dates and locations of each such communication or discussion, **the substance of each such communication or discussion,** and the identify of all persons present during each such communication or discussion.  Decl. of Counsel Pickett in support of Plaintiff's Reply, Ex. 1.

In response to defendant's interrogatories, Dr. Vorgias unequivocally stated:

RESPONSE TO INTERROGATORY NO. 7

"I had discussions about how unfairly and improperly I had been discriminated and **retaliated against by CHCW/CWFM** to some extent with everyone listed above EXCEPT Dr. Harvey, Dr. Hill, Dr. Powers, Dr. Bauer, Dr. Coon, Dr. Isaacs, and Dr. Prashthofer. These were all ongoing phone conversations that I had with everyone else that I leaned on to help with the emotional trauma and turmoil that I experienced after my termination from CWFM, including discussions regarding how they thought I should proceed."  Decl. of Counsel Pickett in support of Plaintiff's Reply, Ex. 1.

Despite having clear notice of Plaintiff's retaliation claim, Defendant CHCW neglected to inquire further during Dr. Vorgias' nearly seven hour deposition. Accordingly, Defendant's attempt to now argue Dr. Vorgias is asserting a "brand-new' claim is simply wrong.  Defendant knew full well that retaliation was being alleged by Plaintiff.  For unexplained reason, Defendant elected to either ignore, or perhaps forget about, about Plaintiff's retaliation claim.  Neither reason is sufficient for Defendant to now argue Plaintiff's claim is 'baseless."

4. <u>Undisputed evidence proves that Dr. Vorgias engaged in protected activity under WLAD.</u>

Plaintiff did engage in Protected Activity when he submitted to the demands of CHCW to undergo a neuropsychological examination and then attempted to provide the findings to his employer.  It is undisputed that Plaintiff engaged in protected activity as

pursuing one's rights under the ADA constitutes a protected activity. Here, Defendant program director, admits, "We were --- we were open to hearing about anything that might have come up in that evaluation." "Did he have a mental health or medical condition?" ECF No. 55-1, p. 47 of 155. Dr. Powers also admitted to knowing full well that, WPHP works with physicians, "And we really—we do trust their- - their evaluations, and we follow their recommendations if it's reasonable within the resources of the program to do that." ECF No. 55-1, p.45 of 155.

Additionally, Dr. Vorgias attempted to provide the findings of his evaluation to Dr. Powers, who refused to accept them despite testifying, "We would never refer without reviewing their – their [WPHP] conclusions." ECF No. 55-1, p. 45 of 155, ¶3-7. While admitting that, "we would never refer without reviewing their [WPHP] conclusions, Dr. Powers further testified that, "I was informed by the WPHP that he received a neuropsych eval, but those reports were not forwarded to me." ECF No. 55-1, p. 46 of 155, ¶7 − 9. As such, CHCW program director, Dr. Powers, did precisely what she says CHCW would **never** do. That is, CHCW failed to review Dr. Vorgias' neuropsychological report and conclusions contained therein, and instead terminated his employment. Accordingly, Plaintiff has submitted undisputed evidence that he engaged in protected activity and therefore is entitled to partial summary judgment on this element of his retaliation claim.

**5.**    **Undisputed evidence proves that Dr. Vorgias suffered adverse employment action when he was terminated from his employment.**

Lastly, Defendant does not contest that Plaintiff suffered an adverse action when he was fired/terminated from the residency program. As such, Plaintiff is entitled to partial summary judgment on this element of his retaliation claim.

**II**.    **CONCLUSION**

For the foregoing reasons, the Court should grant partial summary judgment on behalf of Dr. Vorgias as the undisputed evidence establishes as a matter of law that: (1) Dr. Vorgias has a disability; (2) Dr. Vorgias is a qualified individual; (3) Dr. Vorgias

engaged is protected activity and (4) suffered adverse employment action under the WLAD.

Respectfully submitted, January 3, 2022.

| THE PICKETT LAW FIRM<br>By: s/William Pickett<br>William D. Pickett, WSBA #27867<br>917 Triple Crown Way, Suite 100<br>Yakima, WA 98908<br>bill@wpickett-law.com<br>*Attorney for Plaintiff* | LAW OFFICES OF SETH W. WIENER<br>By: s/Seth W. Wiener<br>Seth W. Wiener, CSBA #203747<br>609 Karina Court<br>San Ramon, CA 94582<br>Email: sethwiener@yahoo.com<br>*Attorney for Plaintiff – Pro Hac Vice* |
|---|---|
| LAW OFFICES OF LUAN T. LE<br>By: s/Luan Le<br>Luan T. Le. CSBA #171029<br>1190 S Bascom Avenue, Suite 213<br>San Jose, CA 95128<br>Email: ledowningllp@gmail.com<br>*Attorney for Plaintiff – Pro Hac Vice* | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Luon T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S. Bascom Ave, Suite 213
San Jose, CA 95128
Tel: 408-247-4715
Email: ledowningllp@gmail.com
*Co-counsel for Plaintiff*

Mr. Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Tel: 925-487-5607
Email: seth@sethwienerlaw.com
*Co-counsel for Plaintiff*

Catharine Morisset, WSBA #29682
Nate Bailey, WSBA #40756
Fisher & Phillips, LLP
1201 Third Avenue, Ste. 2750
Seattle, Washington 98101
Tel: 206-682-2308
Email: cmorisset@fisherphillips.com
        nbailey@fisherphillips.com
*Attorneys for Defendant*

**DATED** at Yakima, Washington, this 3rd day of January, 2022.


By: _s/ William D. Pickett_____
        William D. Pickett, WSBA NO. 27867