FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEMETRIOS VORGIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMUNITY HEALTH OF CENTRAL WASHINGTON,<br><br>    Defendant. | No. 1:21-CV-03013-SAB<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF No. 31; and Defendant's Motion for Summary Judgment, ECF No. 38. The Court held a hearing on the motions by videoconference on January 25, 2022. Plaintiff was represented by Luan Le, Seth Wiener, and William Pickett—Mr. Pickett presented arguments on behalf of Plaintiff. Defendant was represented by Catharine Morisset and Nathaniel Bailey—Ms. Morisset presented on behalf of Defendant.

At the hearing, Plaintiff argued that partial summary judgment is appropriate on three discrete issues: (1) whether Plaintiff has a disability under the American with Disabilities Act ("ADA"); (2) whether Plaintiff is a "qualified individual" within the meaning of the ADA; and (3) whether Plaintiff engaged in a protected activity and suffered an adverse employment action under the Washington Law Against Discrimination ("WLAD"). Defendant, on the other hand, argued that summary judgment in its favor is appropriate and that Plaintiff's request for

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** # 1

summary judgment is inappropriate. Defendant argued that, because it was not on notice of Plaintiff's alleged disability, it cannot be held liable for a failure to accommodate claim. Defendant also argued that there is substantial evidence that Plaintiff was not qualified to perform his functions as a resident physician. Finally, Defendant argued that there are disputes of material fact regarding whether Plaintiff has a disability that rises to the level required by the ADA.

The Court took the motions under advisement. Having considered the briefing, the caselaw, and the parties' arguments, the Court denies the parties' Motions for Summary Judgment.

## Facts

Unless otherwise noted, the following facts are pulled from the parties' respective Statements of Material Facts supporting their cross-motions for summary judgment, ECF Nos. 32, 39.

After graduating from medical school in 2016, Plaintiff Demetrios Vorgias applied for residency programs in family medicine. Plaintiff matched with the Central Washington Family Medicine Residency Program. Thus, on or about March 27, 2018, Plaintiff entered into a Resident Contract with Defendant Community Health of Central Washington ("CHCW"). On or about June 25, 2018, Plaintiff began working as a resident physician at CHCW. Plaintiff began his first in-patient rotation in Family Medicine Services in October and November 2018.

Plaintiff struggled during his residency—however, Plaintiff and Defendant differ in their explanations for why. According to Plaintiff, he disclosed to his attending physicians at CHCW that he suffered from Attention-Deficit/Hyperactivity Disorder ("ADHD") and generally high levels of anxiety. However, Plaintiff alleges that—despite their knowledge of his mental health challenges—the CHCW physicians continued to unfairly criticize him, such as critiquing him as appearing "nervous" or "anxious" while discussing cases and giving him substandard reviews as a result.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** # 2

Defendant, on the other hand, alleges that Plaintiff failed to perform adequately for reasons independent of his mental health challenges. For example, among other things, Defendant alleges that Plaintiff (1) asked a nurse, rather than an attending physician, to accompany him to an exam to "make sure he was doing it right"; (2) asked about discharging a mother to be with her baby without knowing any facts about either of them; (3) failed to advise a patient experiencing chest pain and heart palpitations to call 911, rather than drive herself to the hospital; (4) engaged in inappropriate interactions with female faculty, staff, peers, and patients, including pulling off a patient's sheet during a transvaginal ultrasound exam without the patient's consent; (5) showed up for rounds late and dressed inappropriately; (6) failed to complete exams or patient notes; and (7) generally failed to display the knowledge and skill required of a resident to be able to safely treat patients. Defendant also alleges that—despite providing Plaintiff with feedback on his performance and offering him additional help and training—Plaintiff demonstrated minimal improvement and did not ask for any accommodations or job modifications based on his ADHD or anxiety.

On or about January 23, 2019, Defendant placed Plaintiff on a Consequential Citation, which indicates "areas of concern significant enough to require the Resident and faculty to develop a formal plan of corrective action." As part of the Consequential Citation, Plaintiff was required to submit to a neuropsychological assessment by the Washington Physician Health Program ("WPHP") to determine his fitness to practice in residency. However, Defendant alleges that, at the meeting to discuss the Consequential Citation and action plan, Plaintiff did not raise his ADHD or any other mental condition and did not state that he needed any accommodations to satisfactorily perform his duties.

On or about February 13, 2019, during Plaintiff's second Family Medical Service rotation, Defendant placed Plaintiff on Probation, the next stage of the corrective action plan, due to continued concerns about Plaintiff's conduct.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** # 3

Defendant states that Plaintiff was taken off of Family Medical Service and was instead instructed to perform extra clinic shifts. During February 2019, it initially seemed as if Plaintiff was making progress on his communication, behavior, and clinical case studies—thus, Plaintiff was put back on his third Family Medical Service Rotation on April 1, 2019. However, on or about April 17, 2019, Defendant met with Plaintiff to discuss its "ongoing grave concerns about decision making, organizational skills, comprehension, and ability to complete tasks on time and follow a plan." Defendant also alleges that it notified Plaintiff that, if he did not pass his third Family Medicine Service rotation, he would be discharged from the residency program.

On April 3, 2019, Plaintiff underwent his neuropsychological assessment with the WPHP, which concluded that Plaintiff suffered from both ADHD and Generalized Anxiety Disorder ("GAD"). Plaintiff and Defendant dispute when Defendant received the results of this assessment. Plaintiff alleges that Defendant received the report from Plaintiff's assessment on or about April 19, 2019. Defendant, on the other hand, alleges that Plaintiff only shared his diagnosis with CHCW on or about May 8, 2019, after Plaintiff had learned of the results of the assessment on the previous day.

It appears that Plaintiff was terminated from his residency on or about April 24, 2019. ECF No. 55, Exhibit E at 7-8.[1] However, even though Plaintiff was terminated from his residency, Defendant scheduled two follow-up meetings

---

[1] The parties did not fill in the Date section at the end of the termination letter. ECF No. 55, Exhibit E at 8. However, at the top of the letter, it states "The CARED (Committee Addressing Residents Experiencing Difficulty) met on 4/24/19 to discuss your [Plaintiff's] recent progress and form this plan for termination of your residency employment, effective immediately." *Id.* at 7.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT # 4**

between Plaintiff and Defendant's HR representative Laura McClintock on May 3 and 6, 2019. *Id.* at 8.

## Procedural Background

Plaintiff filed his Complaint against Defendant on February 2, 2021. ECF No. 1. Plaintiff alleged the following claims: (1) violation of the ADA, 42 U.S.C. § 12101 et seq.; (2) violation of the WLAD, Wash. Rev. Code § 49.60 *et seq.*; and (3) breach of contract. Plaintiff requested the following forms of relief: compensatory damages in the minimum amount of $1,000,000; punitive and exemplary damages; an order placing Plaintiff in his previous position; an order enjoining Defendant from future acts of discrimination and/or retaliation; and attorney's fees.

On November 29, 2021, Plaintiff filed his Motion for Partial Summary Judgment, ECF No. 31. On December 1, 2021, Defendant filed its Motion for Summary Judgment. Trial in this case is currently set for March 7, 2022.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT # 5**

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). When parties file simultaneous cross-motions for summary judgment, the court reviews each motion and the appropriate evidentiary material identified in support of the motion separately, giving the nonmoving party for each motion the benefit of all reasonable inferences. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

**Plaintiff's and Defendant's Motions for Summary Judgment**

A. <u>Plaintiff's Motion for Partial Summary Judgment</u>

Plaintiff requests that the Court grant partial summary judgment in his favor on the following three issues: (1) whether Plaintiff has a disability under the ADA; (2) whether Plaintiff is a "qualified individual" within the meaning of the ADA; and (3) whether Plaintiff engaged in a protected activity and suffered an adverse employment action under the WLAD. ECF No. 31. Plaintiff argues that there is no genuine dispute of material fact that he has GAD and ADHD, which constitute disabilities under the ADA; (2) that he is a "qualified individual," which means that he is an individual who, with or without reasonable accommodation, can perform the essential functions of the relevant employment position; and (3) that

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT # 6**

he participated in the WPHP neuropsychological assessment and was subsequently terminated from his employment, which constitute a protected activity and an adverse employment action, respectively.

In response, Defendant concedes the termination from employment constitutes an adverse employment action—however, Defendant disputes all of Plaintiff's remaining issues. Specifically, Defendant argues that (1) Plaintiff does not have a disability under the ADA because neither his GAD nor his ADHD "substantially limit one or more major life activities"; (2) Plaintiff is not a "qualified individual" under the ADA because he was not capable of performing the essential job functions of a resident physician; (3) because Plaintiff did not raise a retaliation claim under the WLAD in his Complaint, he cannot do it for the first time in a motion for partial summary judgment; and (4) even if Plaintiff did plead a retaliation claim, he cannot show that he engaged in a protected activity because he was merely following Defendant's instructions to submit to the neuropsychological assessment. ECF No. 47.

In reply, Plaintiff reiterates that he can prevail on the three issues for which he is requesting summary judgment. ECF No. 58. Moreover, Plaintiff argues that he provided Defendant ample notice of his retaliation claim because (1) the WLAD prohibits retaliation in employment; (2) one of Defendant's affirmative defenses acknowledged Plaintiff's retaliation claim, specifically stating that "CHCW's treatment of Vorgias was based on legitimate, non-discriminatory, and non-retaliatory reasons"; and (3) Plaintiff has continued to allege a retaliation theory throughout the litigation, such as in his answers to Defendant's interrogatories.

### B. Defendant's Motion for Summary Judgment

Defendant requests that the Court grant summary judgment in its favor and dismiss Plaintiff's claims. ECF No. 38. Defendant argues that (1) Plaintiff cannot make out an ADA disability discrimination claim because (a) if the claim is based on his GAD, Plaintiff was not diagnosed with this until after his termination and

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT # 7**

(b) if the claim is based on his ADHD, Plaintiff does not allege that this was the cause of his many alleged performance deficiencies; (2) Plaintiff cannot make out an ADA failure to accommodate claim because Defendant did not know about Plaintiff's GAD, granted Plaintiff the one accommodation he requested related to his ADHD (*i.e.*, help with the electronic medical records system), and cannot be expected to compromise patient care quality as a "reasonable accommodation"; (3) Plaintiff cannot make out a breach of contract claim because Defendant paid Plaintiff his full salary and benefits for 30 days, in lieu of providing him a 30-day notice, which also meant that Plaintiff suffered no damage from the alleged breach. ECF No. 38.[2]

In response, Plaintiff states that there are genuine disputes of material fact that preclude summary judgment. ECF No. 52. Specifically, Plaintiff argues that there are issues of fact regarding: (1) whether Defendant was aware of Plaintiff's GAD, even before it received the results from Plaintiff's WPHP neuropsychological assessment; (2) whether Plaintiff was a "qualified individual" that was capable of performing the essential functions of the medical residency position; (3) why Defendant terminated Plaintiff from his position and whether these reasons were legitimate or instead pretext for discrimination; (4) whether Defendant sufficiently engaged in the interactive process before terminating Plaintiff; (5) whether Defendant provided Plaintiff reasonable accommodations for his mental health challenges; and (6) whether Plaintiff was damaged by Defendant's alleged breach of contract. Moreover, Plaintiff argues that Defendant

---

[2] Defendant does not explicitly argue for why the Court should grant summary judgment on Plaintiff's WLAD claim in its motion. However, Defendant suggests that it would be for the same reasons as the ADA claims: that Plaintiff was not disabled, was doing unsatisfactory work, was granted reasonable accommodations for Plaintiff's ADHD, and was terminated based on his inadequate performance.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** # 8

did not address or move for summary judgment on his retaliation claim under the WLAD.

In reply, Defendant reiterates that there are no genuine issues of material fact regarding whether (1) Plaintiff notified CHCW that he suffered a mental health condition prior to his termination; (2) Plaintiff was entitled to an accommodation; and (3) Defendant's decision to terminate Plaintiff was pretext for disability discrimination. Additionally, Defendant once again emphasizes that Plaintiff cannot succeed on his breach of contract or his unpled retaliation claim.

## Discussion

There are too many genuine disputes of material fact for summary judgment to be appropriate at this time. Specifically, there are genuine disputes of material fact regarding when Defendant learned of Plaintiff's GAD diagnosis (*i.e.*, before or after Plaintiff's termination); whether Plaintiff's ADHD and GAD rose to the level of "substantially limit[ing] one or more major life activities'"; whether Plaintiff was capable of performing the essential functions of a resident physician or instead whether Plaintiff's conduct fell below an acceptable standard for medical conduct; whether Defendant took reasonable steps to accommodate Plaintiff's mental health limitations and help him improve his performance prior to termination; and whether Plaintiff suffered any damages from Defendant's alleged breach of contract. Thus, the Court denies the parties' cross-Motions for Summary Judgment.

//
//
//
//
//
//
//
//

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT # 9**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 31, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 38, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 31st day of January 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** # 10