The Honorable Stanley A. Bastian

William D. Pickett, WSBA #27867
THE PICKETT LAW FIRM
917 Triple Crown Way, Ste. 100
Yakima, Washington 98908
Tel: 509-972-1825
bill@wpickett-law.com
*Attorney for Plaintiff*

Luan T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S. Bascom Ave, Suite 213
San Jose, CA 95128
Tel: 408-247-4715
Email: ledowningllp@gmail.com
*Co-counsel for Plaintiff*

Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Tel: 925-487-5607
Email: seth@sethwienerlaw.com
*Co-counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEMETRIOS VORGIAS,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH OF CENTRAL WASHINGTON,<br>Defendant. | **Case No.: 1:21-cv-03013-SAB**<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LISTS** |

Pursuant to the Court's Amended Scheduling Order of October 8, 2021, (ECF No. 24), Plaintiff submits the following objections to Defendant's Witness and Exhibit Lists.

Plaintiff's objections are based on the disclosures set forth in Defendant's Witness and Exhibit Lists and are not intended to waive Plaintiff's right to limit the scope of any potential testimony at trial. Plaintiff further reserves the right to make additional objections to any witnesses' testimony or to any exhibit at trial, including objections relating to the scope of such testimony, foundation, hearsay, or any other applicable evidentiary objection.

## A.     OBJECTIONS TO WITNESSES.

Plaintiff generally objects to the proposed testimony of several of Defendant's witness as a comparison of Defendant's Initial Disclosures and Defendant's Witness List clearly demonstrate an effort by Defendant to expand the scope of its witnesses' testimony.

More specifically, FRCP 26(a)(1)(A)(i) states in pertinent part that a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information- *along with the subjects of that information*-that the disclosing party may use to support its claims, or defenses, unless that use would be solely for impeachment.

Additionally, FRE 802 state, hearsay is not admissible unless any of the following provides otherwise:

- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Following is each witness listed by Defendant, as well as the objectionable subject matter, that Defendant now seeks to expand into the record:

1.     Demetrios Vorgias- Plaintiff will testify regarding his claims, residency, performance, unlawful/discriminatory/retaliatory termination by Defendant, and damages.

2.     Dr. Russell Maier-

a.     Objection to any testimony from this witness regarding performance "counseling or discipline" as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.     Plaintiff further objects that Dr. Maier's testimony concerning performance "counseling or discipline" likely constitutes hearsay.  FRE 802.

c.     Plaintiff does not object to Dr. Maier's limited testimony regarding Plaintiff's "residency and performance" as those two subjects were identified in Defendant's Initial Disclosures

3.     Dr. Micahlyn Powers-

a.     Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, his performance counseling and discipline, CARED Committee meetings, and his separation of employment" as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.     Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.     Plaintiff does not object to Dr. Powers' limited testimony regarding Plaintiff's residency and performance as those subjects were included in Defendant's Initial Disclosures.

4.     Dr. David Bauman-

a.     Objection to any testimony from this witness regarding the following subjects: "his communications with and observations of Plaintiff, CARED Committee meetings, and Plaintiff's separation of employment," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.     Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.     Plaintiff does not object to limited testimony from Dr.

Bauman regarding Plaintiff's residency and performance as those subjects were included in Defendant's Initial Disclosures.

5.    Dr. Katina Rue-

a.    Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, CARED Committee meetings, and his separation of employment," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.    Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.    Plaintiff does not object to limited testimony from Dr. Rue regarding Plaintiff's residency and performance as those subjects were included in Defendant's Initial Disclosures.

6.    Dr. Caitlin Hill-

a.    Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, CARED Committee meetings, and his separation of employment," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.    Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.    Plaintiff does not object to limited testimony from Dr. Rue regarding Plaintiff's residency and performance.

7.    Dr. Ragina Lancaster-

a.    No objection as to limited testimony from this witness regarding Plaintiff's residency and performance.

8.    Leticia Fernandez-

a.    Objection to any testimony from this witness regarding the following subjects: "the residency program and CARED Committee meetings" as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.      Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.      Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

9.      Gina Many-

a.      No objection as to limited testimony from this witness regarding Plaintiff's residency and performance.

10.     Laura McClintock-

a.      Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, his performance counseling and discipline, CARED Committee meetings, his separation of employment, and accommodations of processes and procedures" as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.      Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.      Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

11.     Dr. Carlin Miller-

a.      Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.      Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.      Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

12.     Dr. Joel Pearson-

a.      Objection to any testimony from this witness regarding the

following subjects: "his communications with and observations of Plaintiff," as those

subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

        b.     Plaintiff further objects that any such communications likely

constitute hearsay.  FRE 802.

        c.     Plaintiff does not object to limited testimony from this

witness regarding Plaintiff's residency and performance.

    13.    Dr. Portia Jones-

        a.     Objection to any testimony from this witness regarding the

following subjects: "his communications with and observations of Plaintiff," as those

subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

        b.     Plaintiff further objects that any such communications likely

constitute hearsay.  FRE 802.

        c.     Plaintiff does not object to limited testimony from this

witness regarding Plaintiff's residency and performance.

    14.    Dr. Patrick Moran-

        a.     Objection to any testimony from this witness regarding the

following subjects: "his communications with and observations of Plaintiff," as those

subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

        b.     Plaintiff further objects that any such communications likely

constitute hearsay.  FRE 802.

        c.     Plaintiff does not object to limited testimony from this

witness regarding Plaintiff's residency and performance.

    15.    Dr. Margaret McLeod-

        a.     Objection to any testimony from this witness regarding the

following subjects: "her communications with and observations of Plaintiff," as those

subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

        b.     Plaintiff further objects that any such communications likely

constitute hearsay.  FRE 802.

c.    Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

16.    Dr. Midhuna Papazian-

a.    Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.    Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.    Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

17.    Dr. Tiffany Mark-

a.    Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.    Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.    Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

18.    Dr. Dominick Nguyen-

a.    Objection to any testimony from this witness regarding the following subjects: "his communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

b.    Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

c.    Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

19.    Dr. Ravneet Dhaliwal-

a.    Objection to any testimony from this witness regarding the

following subjects: "his communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

   b. Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

   c. Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

  20. Dr. Stephanie Ellwood-

   a. Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

   b. Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

   c. Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

  21. Dr. Brandon Isaacs-

   a. Objection to any testimony by this witness as this witness was not identified in Defendant's Initial Disclosures.

   b. Plaintiff further specifically objects to any testimony from this witness regarding the following subjects: "his communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

   c. Additionally, Plaintiff objects that any such communications likely constitute hearsay.  FRE 802.

  22. Joy Gay (RN)-

   a. Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

   b. Plaintiff further objects that any such communications likely

constitute hearsay.  FRE 802.

        c.    Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

        23.    Shelley Lewis (Defense Expert)-

        a.    Objection to any testimony from tis witness that has not been properly disclosed pursuant to FRCP 26(a)(2).  Ms. Lewis has been disclosed as vocational rehabilitation counselor.  She has not been identified or disclosed on the subject of "failure to mitigate damages."

## B.    OBJECTIONS TO EXHIBITS.

Plaintiff's objections to Defendant's Exhibit List is attached as Exhibit A.

DATED this 7th day of February, 2022.

| THE PICKETT LAW FIRM<br>By: s/William Pickett<br>William D. Pickett, WSBA #27867<br>917 Triple Crown Way, Suite 100<br>Yakima, WA 98908<br>bill@wpickett-law.com<br>*Attorney for Plaintiff* | LAW OFFICES OF SETH W. WIENER<br>By: s/Seth W. Wiener<br>Seth W. Wiener, CSBA #203747<br>609 Karina Court<br>San Ramon, CA 94582<br>Email: sethwiener@yahoo.com<br>*Attorney for Plaintiff – Pro Hac Vice* |
| --- | --- |
| LAW OFFICES OF LUAN T. LE<br>By: s/Luan Le<br>Luan T. Le. CSBA #171029<br>1190 S Bascom Avenue, Suite 213<br>San Jose, CA 95128<br>Email: ledowningllp@gmail.com<br>*Attorney for Plaintiff – Pro Hac Vice* | |

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Luon T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S. Bascom Ave, Suite 213
San Jose, CA 95128
Tel:  408-247-4715
Email:  ledowningllp@gmail.com
*Co-counsel for Plaintiff*

Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Tel:  925-487-5607
Email:  seth@sethwienerlaw.com
*Co-counsel for Plaintiff*

Catharine Morisset, WSBA #29682
Nate Bailey, WSBA #40756
Fisher & Phillips, LLP
1201 Third Avenue, Ste. 2750
Seattle, Washington  98101
Tel:  206-682-2308
Email:  cmorisset@fisherphillips.com
        nbailey@fisherphillips.com
*Attorneys for Defendant*

**DATED** at Yakima, Washington, this 7th day of February, 2022.

By:   s/ William D. Pickett
William D. Pickett, WSBA NO. 27867