FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEMETRIOS VORGIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMUNITY HEALTH OF CENTRAL WASHINGTON,<br><br>    Defendant. | No. 1:21-CV-03013-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration of Order Denying Summary Judgment, ECF No. 83. The motion was considered without oral argument. Plaintiff is represented by Luan Le, Seth Wiener, and William Pickett. Defendant is represented by Catharine Morisset and Nathaniel Bailey. Having reviewed the briefing and the applicable caselaw, the Court denies the motion.

### Background

The facts and procedural history of this case are not particularly relevant to the current motion and the parties are familiar with the background with the case. Thus, they are only briefly summarized here.

Plaintiff Demetrios Vorgias was a resident physician in Family Medicine for Defendant Community Health of Central Washington. Defendant hired Plaintiff to

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION # 1**

serve as a resident from June 25, 2018 to June 24, 2019. However, Plaintiff alleges that he was terminated from his residency on April 24, 2019 because he suffered from Generalized Anxiety Disorder ("GAD") and Attention-Deficit Hyperactivity Disorder ("ADHD"). Plaintiff argues that his termination violated the American with Disabilities Act ("ADA"); the Washington Law Against Discrimination ("WLAD"); and the parties' contractual agreement.

Plaintiff filed his Complaint on February 2, 2021. ECF No. 1. The parties filed cross Motions for Summary Judgment on November 29, 2021 and December 1, 2021, respectively. ECF Nos. 31, 38. The Court heard oral argument on the motions on January 25, 2022. ECF No. 67.

The Court issued an Order denying the Motions for Summary Judgment on January 31, 2022. ECF No. 69. In the Order, the Court found that there were multiple remaining disputes of material fact, including "when Defendant learned of Plaintiff's GAD diagnosis (*i.e.*, before or after Plaintiff's termination); whether Plaintiff's ADHD and GAD rose to the level of "substantially limit[ing] one or more major life activities'"; whether Plaintiff was capable of performing the essential functions of a resident physician or instead whether Plaintiff's conduct fell below an acceptable standard for medical conduct; whether Defendant took reasonable steps to accommodate Plaintiff's mental health limitations and help him improve his performance prior to termination; and whether Plaintiff suffered any damages from Defendant's alleged breach of contract." *Id.* at 9.

Defendant filed its Motion for Reconsideration on February 7, 2022. ECF No. 83. This case has now been referred to Magistrate Judge Hutton for a settlement conference and the trial date and all case deadlines have been stricken. ECF No. 86.

//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION # 2**

## Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## Discussion

Defendant requests reconsideration of the Court's Order Denying Motions for Summary Judgment. ECF No. 83. Defendant argues that the Court's Order constituted clear error because Plaintiff has presented no evidence that Defendant received the report from Plaintiff's neuropsychological assessment on or about April 19, 2019.

In denying the motions for summary judgment, the Court found a dispute of material fact regarding when Defendant learned of Plaintiff's GAD—specifically, whether it was before or after Plaintiff's termination. ECF No. 69 at 9. Even assuming *arguendo* that Defendant is correct that it did not receive the neuropsychological assessment report until after April 19, 2019, the Court would still find a dispute of material fact on the issue of whether Defendant was aware of

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION # 3**

any underlying medical conditions—including GAD—that may have affected Plaintiff's work performance prior to Defendant's decision to terminate his employment. Thus, the Court denies Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration of Order Denying Summary Judgment, ECF No. 83, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 16th day of February 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION # 4**