The Honorable Stanley A. Bastian

William D. Pickett, WSBA #27867
LARSON | GRIFFEE | PICKETT, PLLC
105 N. Third Street
Yakima, Washington 98901
Tel: 509-972-1825
bill@lgplawfirm.com
*Attorney for Plaintiff*

Luan T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S. Bascom Ave, Suite 213
San Jose, CA 95128
Tel: 408-247-4715
Email: ledowningllp@gmail.com
*Co-counsel for Plaintiff*

Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Tel: 925-487-5607
Email: seth@sethwienerlaw.com
*Co-counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEMETRIOS VORGIAS, <br><br>  Plaintiff, <br><br> v. <br><br> COMMUNITY HEALTH OF CENTRAL WASHINGTON, <br><br>  Defendant. | Case No.: 1:21-cv-03013-SAB <br><br> **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LISTS** |

Pursuant to the Court's Order Setting Trial Date and Deadlines (ECF No. 81), Plaintiff submits the following objections to Defendant's Witness and Exhibit Lists.

Plaintiff's objections are based on the disclosures set forth in Defendant's Witness and Exhibit Lists and are not intended to waive Plaintiff's right to limit the scope of any potential testimony at trial. Plaintiff further reserves the right to make additional objections to any witnesses' testimony or to any exhibit at trial, including objections relating to the scope of such testimony, foundation, hearsay, or any other applicable evidentiary objection.

### A.    OBJECTIONS TO WITNESSES.

Plaintiff generally objects to the proposed testimony of several of Defendant's witnesses as a comparison of Defendant's Initial Disclosures and Defendant's Witness List clearly demonstrate an effort by Defendant to expand the scope of its witnesses' testimony.

More specifically, Federal Rule of Civil Procedure 26(a)(1)(A)(i) states in pertinent part that a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information- *along with the subjects of that information-* that the disclosing party may use to support its claims, or defenses, unless that use would be solely for impeachment.

Additionally, Federal Rule of Evidence 802 states that hearsay is not admissible unless any of the following provides otherwise:

- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Following is each witness listed by Defendant, as well as the objectionable subject matter, that Defendant now seeks to expand into the record:

1.    Demetrios Vorgias- Plaintiff will testify regarding his claims, residency, performance, unlawful/discriminatory/retaliatory termination by Defendant, and damages.

2.    Dr. Micahlyn Powers-

    a.    Objection to any testimony from this witness regarding the following subjects: "her communications with Plaintiff, her observations of Plaintiff's skills, … and qualifications, his performance counseling and discipline, CARED Committee meetings and informed received by CARED related to Plaintiff's job performance" as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

    b.    Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

    c.    Plaintiff does not object to Dr. Powers' limited testimony regarding Plaintiff's residency and performance as those subjects were included in Defendant's Initial Disclosures.

3.    Dr. Katina Rue-

    a.    Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, CAR5ED [sic] Committee meetings, …. and his separation of employment," as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

    b.    Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

    c.    Plaintiff does not object to limited testimony from Dr. Rue regarding Plaintiff's residency and performance as those subjects were included in Defendant's Initial Disclosures.

4. Dr. Caitlin Hill-

a. Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, CAR5ED [sic] Committee meetings … and his separation of employment," as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

b. Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

c. Plaintiff does not object to limited testimony from Dr. Hill regarding Plaintiff's residency and performance.

5. Dr. David Bauman-

a. Objection to any testimony from this witness regarding the following subjects: "his observations of Plaintiff's job performance, skills, and qualifications, … his communications with the Program Director and CARED, and Plaintiff's separate of employment," as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

b. Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

c. Plaintiff does not object to limited testimony from Dr. Bauman regarding Plaintiff's residency and performance.

6. Dr. Ragina Lancaster-

a. Objection to any testimony from this witness regarding the following subjects: "her observations of Plaintiff's job performance, skills, and qualifications, … her communications with the Program Director and CARED, and Plaintiff's separate of employment," as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

b. Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

c. Plaintiff does not object to limited testimony from Dr. Lancaster

regarding Plaintiff's residency and performance.

7. Laura McClintock-

   a. Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff, including related to his performance counseling and discipline, CARED Committee meetings, … Plaintiff's separation of employment, and CHCW accommodations processes and procedures" as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

   b. Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

   c. Plaintiff does not object to limited testimony from this witness regarding Plaintiff's residency and performance.

8. Dr. Carlin Miller-

   a. Objection to any testimony from this witness regarding the following subjects: "her communications with and observations of Plaintiff" as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

   b. Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

   c. Plaintiff does not object to limited testimony from Dr. Miller regarding Plaintiff's residency and performance.

9. Dr. Joel Pearson-

   a. Objection to any testimony from this witness regarding the following subjects: "his communications with Plaintiff, his [sic] of Plaintiff's job performance, skills, and qualifications," as those subjects were not identified and disclosed by Defendant. FRCP 26(a)(1)(A)(i).

   b. Plaintiff further objects that any such communications likely constitute hearsay. FRE 802.

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
WITNESS AND EXHIBIT LIST                                         5

   c.   Plaintiff does not object to limited testimony from Dr. Pearson regarding Plaintiff's residency and performance.

   10.   Dr. Dominick Nguyen-

   a.   Objection to any testimony from this witness regarding the following subjects: "his communications with Plaintiff, his [sic] of Plaintiff's job performance, skills, and qualifications," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

   b.   Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

   c.   Plaintiff does not object to limited testimony from Dr. Nguyen regarding Plaintiff's residency and performance.

   11.   Dr. Ravneet Dhaliwal-

   a.   Objection to any testimony from this witness regarding the following subjects: "his communications with Plaintiff, his [sic] of Plaintiff's job performance, skills, and qualifications," as those subjects were not identified and disclosed by Defendant.  FRCP 26(a)(1)(A)(i).

   b.   Plaintiff further objects that any such communications likely constitute hearsay.  FRE 802.

   c.   Plaintiff does not object to limited testimony from Dr. Dhaliwal regarding Plaintiff's residency and performance.

   12.   Shelley Lewis (Defense Expert)-

   a.   Objection to any testimony from this witness as she has not been properly disclosed pursuant to FRCP 26(a)(2).  Ms. Lewis has been disclosed as vocational rehabilitation counselor.  She has not been identified or disclosed on the subject of failure to mitigate damages.

## B.   OBJECTIONS TO EXHIBITS.

Plaintiff's objections to Defendant's Exhibit List are as follows:

| Ex. No. | Description | Bates | Admit | Auth. Disputed | Auth. & Admiss. Disputed | Objections |
|---|---|---|---|---|---|---|
| 200 | 2016 Resident Handbook | CHCW 1-10 | | | | FRE 403; Relevance; Foundation |
| 201 | ACGME Program Requirements | CHCW 11-20 | | | | FRE 403; Relevance; Foundation; Incomplete |
| 202 | Resident Professionalism Agreement and Accountability Policy (4/22/18) | CHCW 258-259 | | | | FRE 802 – Hearsay; FRE 403; Relevance; Foundation |
| 203 | Standards of Behavior Agreement (6/27/18) | CHCW 189 | | | | FRE 802 – Hearsay; FRE 403; Relevance; Foundation |
| 204 | October 1, 2017 Demetrios Vorgias Residency Application Materials | CHCW 228, 243, 255, 257 | | | | |
| 205 | March 27, 2018 Residency Contract in Family Medicine | CHCW 179-183 | | | | |
| 206 | R 1 FMS Evaluation | CHCW 126-135 | | | | FRE 802 – Hearsay |
| 207 | EKG Selective Evaluation | CHCW 162 | | | | FRE 802 – Hearsay |
| 208 | Resident Individual Learning Plan | CHCW 146-156 | | | | FRE 802 – Hearsay |
| 209 | July 19, 2018 Self Evaluation | CHCW 97-98 | | | | FRE 802 – Hearsay |
| 210 | September 17, 2018 Email From Joy Gay regarding concerns | CHCW 44 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 211 | October 1, 2018 Email from Tiffany Mark regarding concerns | CHCW 45-46 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 212 | Resident Individual Learning Plan | CHCW 47-50 | | | | Relevance |
| 213 | CARED Committee Description | VORGIAS 39-45 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 214 | October 23, 2018 CARED Meeting regarding recommending placing Vorgias on a Constructive Citation | CHCW 51-52 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 215 | October 23, 2018 New Innovations Evaluation by Dr. Hill | VORGIAS 80-83 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 216 | October 24, 2018 Quarterly Review / Constructive Citation | CHCW 102-103 | | | | FRE 802 – Hearsay |
| 217 | November 4, 2018 Email from Dr. Bauman regarding feedback | CHCW 55-56 | | | | FRE 802 – Hearsay |
| 218 | November 14, 201 Email from Carlin Miller regarding feedback | CHCW 53-54 | | | | FRE 802 – Hearsay |
| 219 | 2018-2019 Rotation | CHCW 184-186 | | | | FRE 802 – Hearsay; FRE 403; |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
WITNESS AND EXHIBIT LIST                                                              7

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Comparison | | | | | Misleading |
| 220 | 2018 American Board of Family Medicine In Training Examination Performance Report | CHCW 167 | | | | FRE 802 – Hearsay; Foundation; Misleading |
| 221 | January 23, 2019 Consequential Citation by CARED Committee | CHCW 58-60 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 222 | January 23, 2019 Quarterly Review | CHCW 163-164 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 223 | January 28, 2019 Email from Dr. Hill to faculty regarding Consequential Citation | CHCW 57 | | | | FRE 802 – Hearsay; FRE 403; Misleading; Prejudicial |
| 224 | February 4, 2019 Email from Dr. Moran regarding feedback | CHCW 61-62 | | | | FRE 802 – Hearsay; FRE 403; Misleading; Prejudicial |
| 225 | February 10, 2019 New Innovations Review by Dr. Rue | VORGIAS 210-213 | | | | FRE 802 – Hearsay; FRE 403; Misleading; Prejudicial |
| 226 | February 13, 2019 Pre-reading for CARED Meeting | CHCW 66-71 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 227 | February 13, 2019 CARED Meeting regarding probation | CHCW 72-75 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 228 | CARED to Dr. Vorgias/ Probation | CHCW 91-94 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 229 | February 13, 2019 Email From Dr. Lancaster regarding Demetrios' FMS | CHCW 64-65 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 230 | February 13, 2019 Email from Dr. Powers "Demetrious Vorgias Change in Schedule" | CHCW 76 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 231 | February 15, 2019 Letter from Laura Moss to Dr. Powers | CHCW 77 | | | | FRE 802 – Hearsay |
| 232 | February 26, 2019 CARED Meeting Regarding remaining on Probation | CHCW 165-166 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 233 | March 2019 "Clinical Question" emails with Dr. Powers | CHCW 226-227 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 234 | April 17, 2019 CARED Meeting regarding status and progress during Probation | CHCW 78-79 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 235 | April 19, 2019 Email from Cynthia Morales to Dr. Powers | CHCW 93-94 | | | | FRE 802 – Hearsay; FRE 403; Misleading |
| 236 | April 23, 2019 Emails re | CHCW 80 | | | | FRE 802 – Hearsay; FRE 403; |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
WITNESS AND EXHIBIT LIST                                                                                      8

| | | | | | | |
|---|---|---|---|---|---|---|
| | | "Vorgias FMS Evaluations" | | | | Misleading |
| | 237 | April 23, 2019 Email from Papazian re "Vorgias FMS Evaluations" | CHCW 80 | | | FRE 802 – Hearsay; FRE 403; Misleading |
| | 238 | April 24, 2019 CARED Meeting regarding termination | CHCW 87-88 | | | FRE 802 – Hearsay; FRE 403; Misleading |
| | 239 | April 24, 2019 Quarterly Review | CHCW 89-92 | | | FRE 802 – Hearsay; FRE 403; Misleading; Foundation |
| | 240 | April 26, 2019 Email from Dr. Dhaliwal | CHCW 85-86 | | | FRE 802 – Hearsay |
| | 241 | May 1, 2019 "On the Fly Resident Evaluation" by Dr. Dhaliwal | VORGIAS 186 | | | FRE 802 – Hearsay; FRE 403; Misleading; Foundation |
| | 242 | May 8, 2019 Email from Dr. Powers to Plaintiff | CHCW 95-96 | | | FRE 802 – Hearsay |
| | 243 | List of jobs Plaintiff to after separation of employment | PLTF 001155 | | | FRE 403; Incomplete |
| | 244 | 2017 Resume | CHCW 261 | | | |
| | 245 | 2021 Resume | PLTF 145-147 | | | |
| | 246 | November 3, 2020 EEOC Dismissal Notice | VORGIAS 254-255 | | | FRE 802 - Hearsay; FRE 403; Misleading; Foundation |
| | 247 | Shelly Lewis, MA, CRC, CLCP, ADVE/D CV Expert Report dated November 4, 2021 | Disclosed on November 5, 2021 | | | FRE 802 – Hearsay; Relevance |
| | 248 | Shelly Lewis, MA, CRC, CLCP, ACVE/D CV | Disclosed on November 5, 2021 | | | FRE 802 – Hearsay; Relevance |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
WITNESS AND EXHIBIT LIST                                                                 9

DATED this 15th day of August 2022.

| LARSON \| GRIFFEE \| PICKETT, PLLC<br>By: s/William Pickett<br>105 N. Third Street<br>Yakima, Washington 98901<br>Tel: 509-972-1825<br>bill@lgplawfirm.com<br>*Attorney for Plaintiff* | LAW OFFICES OF SETH W. WIENER<br>By: s/Seth W. Wiener<br>Seth W. Wiener, CSBA #203747<br>609 Karina Court<br>San Ramon, CA 94582<br>Email: sethwiener@yahoo.com<br>*Attorney for Plaintiff – Pro Hac Vice* |
|---|---|
| LAW OFFICES OF LUAN T. LE<br>By: s/Luan Le<br>Luan T. Le. CSBA #171029<br>1190 S Bascom Avenue, Suite 213<br>San Jose, CA 95128<br>Email: ledowningllp@gmail.com<br>*Attorney for Plaintiff – Pro Hac Vice* | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT LIST**

10

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Luan T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S. Bascom Ave, Suite 213
San Jose, CA 95128
Tel: 408-247-4715
Email: ledowningllp@gmail.com
*Co-counsel for Plaintiff*

Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Tel: 925-487-5607
Email: seth@sethwienerlaw.com
*Co-counsel for Plaintiff*

Catharine Morisset, WSBA #29682
Suzanne Kelly Michael, WSBA # 14075
Clarence M. Belnavis, WSBA # 36681
Fisher & Phillips, LLP
1201 Third Avenue, Ste. 2750
Seattle, WA 98101
Tel: 206-682-2308
Email: cmorisset@fisherphillips.com
   smichael@fisherphillips.com
   cbelnavis@fisherphillips.com
*Attorneys for Defendant*

**DATED** at Yakima, Washington, this 15th day of August, 2022.


By:   s/ William D. Pickett
   William D. Pickett, WSBA NO. 27867