THE HONORABLE STANLEY A. BASTIAN

Catharine Morisset, WSBA #29682
Suzanne K. Michael, WSBA #14072
Clarence Belnavis, WSBA #36681
FISHER PHILLIPS LLP
1700 7th AVENUE, SUITE 2200
Seattle, WA 98101
Tel: 206-682-2308
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| DEMETRIOS VORGIAS,<br><br>                Plaintiff,<br><br>vs.<br><br>COMMUNITY HEALTH OF CENTRAL WASHINGTON,<br><br>                Defendant. | NO. 1:21-cv-03013-SAB<br><br>DEFENDANT'S TRIAL BRIEF<br><br>Trial Date: 9/14/2022 |

## I. INTRODUCTION

Defendant Community Health of Central Washington, the Central Washington Family Medicine Residency Program, ("CHCW") submits this Trial Brief to assist the Court regarding the applicable legal standards governing Plaintiff's causes of action. The Court is familiar with the facts of this case through

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

the parties' motion practice and thus does not repeat them here. *See, e.g.*, ECF Nos. 38, 39, 47, 62.

## II.  ISSUES FOR TRIAL

**A.  Plaintiff's Stated Claims.**

Plaintiff's Complaint alleges three "causes of action":

1. "Violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.," which claims "CHCW discriminated against Plaintiff by terminating his employment on the basis of his disabilities, failed to engage in the interactive process, and failed to reasonably accommodate Plaintiff's disabilities." ECF No. 1 at ¶ 24.

2. "Violation of the Washington Law Against Discrimination," which alleges that "CHCW discriminated against Plaintiff by terminating his employment on the basis of his disabilities, failed to engage in the interactive process, and failed to reasonably accommodate Plaintiff's disabilities." ECF No. 1 at ¶ 26.

3. "Breach of Contract," i.e., "CHCW breached the Resident Contract in Family Medicine by terminating Plaintiff on April 24, 2019, without providing 30 day written notice to Plaintiff." ECF No. 1 at ¶ 30.

Defendants do not concede that Plaintiff will be able to establish any prima facie case at trial and will hold him to the requirement of proving each and every element thereof. For purposes of this brief, however, the record already reveals what the evidence at trial will confirm—that CHCW ended Plaintiff's residency based solely on his demonstrated inability to meet baseline standards of a first-year resident and its legitimate concerns for patient safety.

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

### B. Plaintiff Will Be Unable to Prove CHCW Failed to Engage in the Interactive Process or to Accommodate Any Disability.

To prevail on a failure to accommodate claim, both the ADA and WLAD require Plaintiff to show that (1) he was disabled; (2) he was qualified for the job in question and capable of performing it with reasonable accommodation; (3) the employer had notice of his disability; and (4) the employer failed to reasonably accommodate his disability. *McElwain v. Boeing Co.*, 244 F. Supp. 3d 1093, 1098-99 (W.D. Wash. 2017).  It is fundamental that an employer's duty to "reasonably to accommodate an employee's [disability] does not arise until the employer is aware of [the employee's] disability and physical limitations." *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408, 899 P.2d 1265 (1995) (WLAD); *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (ADA).

CHCW will show it was unaware Plaintiff suffered from a legal "disability" that necessitated any reasonable accommodations in order to perform his essential job functions.  Plaintiff asked no one for an accommodation related to his ADHD, even assuming it meets the definition of a "disability." Even Plaintiff was unaware he was diagnosed with GAD until after his separation and did not inform CHCW until that time.  WPHP never informed CHCW about a formal GAD diagnosis either.  To the contrary, WPHP expressly told Dr. Powers before CHCW made the decision to terminate Plaintiff that there was "no current impairment due to an

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

underlying medical condition. CHCW was not required to guess if he had a disability and volunteer random accommodations for an unknown disability. *See E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1112 (9th Cir. 2010) ("the ADA does not require an employer to be clairvoyant regarding the effectiveness of a modification").

Second, even assuming that the jury might find Plaintiff suffered from a qualifying disability during his residency, it will agree he was unable to perform his essential job functions. A "qualified" individual means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of" the relevant "employment position." 42 U.S.C. § 12111(8). As the testimony will overwhelmingly show, multiple doctors and staff conveyed specific concerns to CARED. Plaintiff failed to demonstrate—through multiple avenues—he possessed the requisite medical knowledge, diagnostic acumen, professionalism, or patient skills required to succeed and treat patients safely.

Finally, in disability discrimination cases, the plaintiff bears the burden of proving the availability of a specific reasonable accommodation. *Lindblad v. Boeing Co.*, 108 Wn.App. 198, 203, 31 P.3d 1 (2001). Yet Plaintiff will claim he should have been given a "do over." Excusing poor performance and compromising patient care is **not** a reasonable accommodation. An employer need not eliminate a fundamental duty of the position at issue, that is, alter a task that is

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

indispensable to the job or change a performance standard. *Pulcino v. Fed. Express Corp.*, 141 Wn.2d 629, 644 (2000) (en banc), rejected on other grounds by *McClarty v. Totem Elec.*, 157 Wn.2d 214, 228 (2006).  Plaintiff failed all **three** attempts at his Family Medicine Services (FMS) rotation.  All residents were required to pass.  Plaintiff failed to meet a uniform performance standard.

**C.    Plaintiff Will Be Unable to Prove CHCW's Decision to End His Residency Was Motivated by Unlawful Discrimination.**

Plaintiff also will be unable to prove his claim for discriminatory wrongful termination under the ADA, 42 U.S.C. § 12112(a) or the Washington Law Against Discrimination.  To prevail on an ADA disparate treatment claim, Plaintiff must show that (1) he had a disability; (2) he was qualified, with or without reasonable accommodations, to perform the essential functions of the job that he held; and (3) he suffered an adverse employment action because of his disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001); *Daniel v. Boeing Co.*, 764 F. Supp. 2d 1233 (W.D. Wash. 2011).  The WLAD requires Plaintiff show he (1) was disabled; (2) was discharged; (3) was doing satisfactory work; and (4) his alleged disability was a substantial factor in his termination. *Becker v. Cashman*, 128 Wn. App. 79, 85-86 (2005).  Plaintiff will be unable to meet either prima facie case.

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

While defendants do not concede that Plaintiff will be able to establish every element of his prima facie case at trial, the jury will easily see that Plaintiff was terminated for legitimate, nondiscriminatory reasons. The record before CARED was clear—Plaintiff was not meeting his essential job functions despite the committee's efforts to address his deficiencies. The law does not require that an employer retain an employee whose unacceptable behavior threatens the safety of others, even if the behavior stems from a mental disability. *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015).

**D.    No Liability for Breach of Plaintiff's One Year Contract.**

To prevail on a breach of contract claim under Washington law, a plaintiff must establish (1) the existence of a contractual duty, (2) defendant's breach of that duty, and that (3) defendant's breach of that duty caused damages to the plaintiff whom the duty is owed. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995). Plaintiff's contract was for a one-year residency from June 25, 2018, to June 24, 2019. There was no promise of a second-year residency. The contract also provided that "that intention to terminate this contract by either party be accompanied by a 30-day written notice." Plaintiff's obligations under the contract included that he would "full the duties of a Family Medicine resident and "participate in all areas of that curriculum." It also listed a number of "essential functions," or abilities, that Plaintiff agreed to meet. He failed

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

to do so. When plaintiff was terminated because of his inability to meet these and other performance standards, CHCW paid his entire salary and benefits in lieu of the 30-day notice period. There was no breach of contract.

### IV. DAMAGES

#### A. Plaintiff's Alleged Damages

Plaintiff's Complaint seeks "compensatory damages in the minimum amount of $1,000,000," punitive damages, and "an order placing Plaintiff in the position that he would have been had there been no violation of his rights" in addition to his attorney fees. ECF No. 1 at 5.

**B. Economic Damages.**

Available remedies under the ADA are front pay/reinstatement, back pay, and emotional distress. 42 U.S.C. § 1981a. Under the WLAD, Plaintiff may recover "actual damages," that is: back pay, front pay, and emotional distress. *Martini v. Boeing Co.*, 137 Wn.2d 357, 363, 371, 971 P.2d 45 (1999). A plaintiff must prove such damages by a preponderance of the evidence.

Plaintiff gave no computation of damages with his Initial Disclosures, repeating only his pleading. To date, the only "computation" he has provided was in his expert's report, which seeks a total of $1,238,732.00 in economic damages, comprised of his "lost" second and third year of residency, along with an additional amount of "lost wages" and "diminished earnings capacity," he

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

claims he would have earned as a practicing physician had he completed his residency in 2020, for earnings through 2027. He does not set out any amount for emotional distress or account for any mitigation earnings. CHCW will show that Dr. Whitmer's assumptions and calculations—assuming he is even qualified to make them—are grossly exaggerated, and that by refusing to work at all for nearly three years, Plaintiff failed to mitigate his damages.

### C.   Failure to Mitigate

Assuming Plaintiff succeeds on any claim, CHCW will show through evidence that: (1) Plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated. Ninth Circuit Model Instruction 5.3; WPI 330.83. The effect of an employee's failure to mitigate damages is a reduction in back pay and/or front pay damages. *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1345-47 (9th Cir. 1987).

### D.   Reinstatement

Plaintiff also must choose his remedies. Plaintiff clearly seeks lost future earnings, that is the "front pay" he claims he would have earned had he not been wrongfully terminated. But he has also said he must be "reinstated." Plaintiff cannot double dip. Under federal law, whether a plaintiff is entitled to front pay (a form of equitable relief) is generally the court's, and not the jury's, determination; the theory is that, as a substitute for the equitable remedy of

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

reinstatement, front pay in effect is an equitable remedy. *Cassino*, 817 F.2d at 1347 ("the decision whether to order the equitable remedy of reinstatement or, in the alternative, to award front pay, is a decision for the trial court"). But if the plaintiff requests the jury to make factual findings regarding an award of front pay, the court cannot also issue reinstatement pursuant to its equitable powers to remedy the same wrong. *Teutscher v. Woodson*, 835 F.3d 936 (9th Cir. 2016). Under the WLAD, while the jury decides front pay, it is still viewed as an "alternate remedy" to reinstatement. *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 160*, 114 Wn. App. 80, 87 (2002); *Hayes v. Trulock,* 51 Wn. App. 795, 802 (1988) (describing front pay as substitute for reinstatement); WPI 330.82 (notes). There can be no duplication of awards.

  Further, if Plaintiff prevailed, the court would need to determine whether reinstatement is even appropriate by examining such factors as whether "excessive hostility or antagonism between the parties" renders reinstatement practically infeasible" or if "there is a position available to reinstate the employee to without unfairly causing the displacement of another employee." *Cassino,* 817 F.2d at 1346; *Thorne v. City of El Segundo*, 802 F.2d 1131, 1137 (9th Cir. 1986). *See also Passantino v. Johnson & Johnson Consumer Products, Inc*., 212 F.3d 493, 512 (9th Cir. 2000) (discussing front pay in WLAD and Title VII context). Here, evidence will show that reinstatement is far from appropriate or feasible.

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

**E.    Emotional Distress**

Plaintiff also seeks an unspecified amount for emotional distress. As he never disclosed any a specific amount, he should be foreclosed from suggesting any specific amount to the jury at trial. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639-40 (E.D. Wash. 2011). Plaintiff has identified his current mental health care provider, but he has not disclosed treating any doctor who will testify about any alleged "emotional distress." CHCW will object if Plaintiff seeks to "back door" expert opinions without having disclosed them. He also presumably has identified family members for this purpose. CHCW will object to any testimony that is hearsay, speculative, duplicative, or objectionable for other reasons.

**F.    Contract Damages**

Lost future earnings are **not** an appropriate measure of damages when an employer breaches an at-will employment contract. *See Ford v. Trendwest Resorts, Inc.*, 146 Wn.2d 146, 156 (2002). The "contract confers no greater rights on a party than it bargains for." *Id*. Plaintiff's damages on his contract claim are limited to the contract itself.

**G.    Punitive Damages**

Punitive damages are not available under Washington state law. *Dailey v. North Coast Life Insurance* Co., 129 Wn.2d 572, 919 P.2d 589 (1996). Punitive

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 10

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

damages, however, are available only on an ADA claim for failure to accommodate or disability discrimination.[1] 42 U.S.C. § 1981a(a)(2) and (b). Punitive damages are subject to a statutory cap based on the employer's number of employees. 42 U.S.C. § 1981a(b)(3).[2] Plaintiff may be awarded punitive damages only if he can show that CHCW engaged in discriminatory practices with malice or with reckless indifference to his rights. 42 U.S.C. § 1981a(b)(1). To show this, Plaintiff must establish that an employer had knowledge that it acted "in the face of a perceived risk that its actions will violate federal law." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999). The Supreme Court stated in *Kolstad* that there are situations where even intentional discrimination does **not** result in punitive damages such as "where the employer reasonably believe[s] its discrimination satisfies a bona fide occupational qualification defense or a statutory exception to liability" and specifically cited 42 U.S.C. § 12113 as an example. Here, there is no evidence CHCW knew it was violating the ADA. Consequently, there is no basis for punitive damages.

---

[1] Compensatory and punitive damages are **not** available if a plaintiff recovers on an ADA retaliation claim. *Alvarado v. Cajun Operating Co. d/b/a AFC Enters. Inc.,* 588 F.3d 1262 (2009).

[2] These limits may not be disclosed to the jury. 42 U.S.C. § 1981a(b)(3); 42 U.S.C. § 1981a(c)(2).

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 11

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

## V. CONCLUSION

The evidence will show that Plaintiff cannot establish a claim for failure to accommodate, disability discrimination, or breach of contract, and that judgment should be entered for CHCW.

Respectfully submitted this 19th Day of August, 2022.

By /s Catharine Morisset
Catharine M. Morisset, WSBA #29682
Suzanne K. Michael, WSBA #14072
Clarence Belnavis, WSBA #36681
*Attorneys for Defendant*

FISHER & PHILLIPS LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-682-2308
Fax: 206-682-7908
cmorisset@fisherphillips.com
smichael@fisherphillips.com
cbelnavis@fisherphillips.com

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 12

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of the same on:

Luan T. Le, *pro hac vice*
Law Offices of Luan T. Le
1190 S Bascom Avenue, Suite 213
San Jose, CA 95128
Email: ledowningllp@gmail.com

Seth W. Wiener, *pro hac vice*
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Email: sethwiener@yahoo.com

William D. Pickett, WSBA #27867
Larson Griffee & Pickett, PLLC
105 North 3rd Street
Yakima, WA  98901
Phone: 509-972-1825
Fax: 509-457-1027
Email: Bill@lgplawfirm.com

*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed August 19, 2022 at Seattle, Washington.

*Jazmine Matautia*
Jazmine Matautia, Legal Secretary

DEFENDANT'S TRIAL BRIEF
1:21-cv-03013-SAB - 13

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Tel: (206) 682-2308 | Fax: (206) 682-7908

FP 43054419.4