1    THE HONORABLE STANLEY A. BASTIAN

2
     William D. Pickett, WSBA #27867
3    LARSON | GRIFFEE | PICKETT, PLLC
     105 N. Third Street
     Yakima, Washington 98901
4    Tel: 509-972-1825
     bill@lgplawfirm.com
5    *Attorney for Plaintiff*

6    Luan T. Le, *pro hac vice*
     LAW OFFICES OF LUAN T. LE
7    1190 S. Bascom Ave, Suite 213
     San Jose, CA 95128
8    Tel:  408-247-4715
     Email:  ledowningllp@gmail.com
9    *Co-counsel for Plaintiff*

10   Seth W. Wiener, *pro hac vice*
     LAW OFFICES OF SETH W. WIENER
11   609 Karina Court
     San Ramon, CA 94582
12   Tel:  925-487-5607
     Email:  seth@sethwienerlaw.com
13   *Co-counsel for Plaintiff*

14   Catharine Morisset, WSBA #29682
     Suzanne Michael, WSBA #14072
15   Clarence Belnavis, WSBA #36681
     cmorisset@fisherphillips.com
16   smichael@fisherphillips.com
     cbelnavis@fisherphillips.com
17   FISHER PHILLIPS LLP
     1700 7th Avenue, Suite 2200
18   Seattle, WA 98101
     Tel: 206-682-2308
19   *Attorneys for Defendant*

20

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

DEMETRIOS VORGIAS,

                    Plaintiff,

vs.

COMMUNITY HEALTH OF
CENTRAL WASHINGTON,

                    Defendant.

NO. 1:21-cv-03013-SAB

JOINT PRETRIAL ORDER
[PROPOSED]

     A pretrial conference was held in the above-entitled cause on August 31, 2022 with Judge Stanley A. Bastian presiding. Plaintiff was represented by Bill Pickett of Larson Griffee & Pickett, PLLC, and defendant by Catharine Morisset and Clarence Belnavis of Fisher & Phillips, LLP, their respective attorneys of record. The following pretrial order has been formulated and settled as follows:

## I. NATURE OF PROCEEDINGS AND STATEMENT OF JURISDICTION

The following facts are agreed upon by the parties and require no proof:

     1.     This Court has subject matter jurisdiction under 28 U.S.C. § § 1331, 1332 (a)(1), and 1367.

     2.     Plaintiff Demetrious Vorgias ("Plaintiff") filed a lawsuit against Defendant Community Health of Central Washington in United States District Court in the Eastern District of Washington, Yakima, on February 2, 2021.

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 2

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

3.    The Complaint alleged three causes of action:  "Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.," "Violation of the Washington Law Against Discrimination," and "Breach of Contract." ECF No. 1 at 4.

4.    On March 28, 2018, Plaintiff signed a first year Resident Contract in Family Medicine with Defendant.

5.    The term of the contract was June 25, 2018, through June 24, 2019.

6.    The residency contract could be terminated by either Plaintiff or Defendant upon 30 days' written notice.

7.    Plaintiff was employed by Defendant from June 25, 2018 and May 1, 2019.

## II. **PLAINTIFF'S CONTENTIONS**

Plaintiff's contentions as to disputed issues are as follows:

1.    Defendant knew that Plaintiff suffered from mental Disabilities/impairments, including, (Attention Deficit Hyperactivity Disorder "ADHD" and Generalized Anxiety Disorder "GAD").

2.    Defendant knew that Plaintiff's impairments necessitated reasonable work place accommodations.

3.    Defendant required Plaintiff undergo medical examination to

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 3

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1  determine the extent of impairments/disabilities, and which reasonable

2  accommodations that would assist plaintiff to succeed in Defendant's residency

3  program.

4          4.      Defendant failed to follow its own formal remedial procedures

5  regarding the termination of Plaintiff's employment from the Community Health

6  of Central Washington Residency program.

7          5.      Defendant failed to engage in the interactive process regarding

8  reasonable accommodation for Plaintiff.

9          6.      Defendant prematurely and improperly terminated Plaintiff

10 despite the availability of reasonable accommodations to address disabilities

11 and/or impairments.

12         7.      Defendant retaliated against Plaintiff as a result of his

13 participation to seek reasonable workplace accommodations for

14 disabilities/impairments.

15         8.      Plaintiff's reasonable work place accommodations did not create

16 an undue burden for Defendant.

17         9.      Plaintiff took reasonable steps to mitigate the harm caused by

18 Defendant's discriminatory actions.

19                    **III. <u>DEFENDANT'S CONTENTIONS</u>**

20 Defendant's contentions as to disputed issues are as follows:

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 4

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1        1.    Plaintiff graduated from medical school in 2016.

2        2.    Medical residents are placed into residency programs through a

3   matching process run by the National Resident Matching Program (NRMP).

4        3.    Briefly, each applicant ranks the residency programs in the order of

5   their preference, and each residency program does the same with applicants.

6   NRMP then matches the applicants to the residency programs using an algorithm.

7        4.    In 2016, Plaintiff participated in the match process but was not

8   selected by any residency program as a match.

9        5.    In 2017, Plaintiff participated in the match process but was not

10  selected by any residency program as a match.

11       6.    In 2018, Plaintiff participated in the match process and matched with

12  CHCW.

13       7.    Plaintiff's Resident Contract provided that extended personal leave

14  could be granted at the discretion of the Program Director for compelling personal

15  reasons.

16       8.    Plaintiff never requested extended personal leave during his

17  employment with Defendant.

18       9.    Each resident is assigned a Faculty Advisor.

19       10.   The Faculty Advisor's role is to collect feedback and discuss it with

20  the resident.

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 5

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

11.     A resident may request a change of Faculty Advisor once a year if there are conflicts or discomfort in the relationship.

12.     Plaintiff was assigned Dr. Caitlin Hill as a Faculty Advisor.

13.     "Residents are subject to continuous performance evaluation, with regard to the six core competencies: patient care, medical knowledge, practice-based learning and improvement, interpersonal and communication skills, professionalism, [and] systems-based practice."

14.     The number-one goal of the CHCW resident evaluation system is to "[a]ssure the safety of patients."

15.     There are three levels of advancement in the CHCW residency program: R1, R2, and R3.

16.     "For advancement to the next level [e.g., R1 to R2], acceptable progress meeting milestones in the seven core competencies needs to be documented.  Additionally, the Resident must be judged competent to supervise others (R1's and students), and to act with limited independence."

17.     On September 17, 2018, Nurse Joy Gay reported to Dr. Hill, Plaintiff's advisor, several concerns about Plaintiff, including that he asked her to accompany him to an exam "to make sure he was doing it right," instead of asking his attending doctor for help, that he asked about discharging a mother to be with her baby without knowing facts about the mother or baby; and that he "was unsafe

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 6

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1    in the state of fatigue and frustration he was in."

2         18.    On October 1, 2018, Dr. Tiffany Mark reported her concerns about

3    Plaintiff to his Faculty Advisor Dr. Hill, including that he showed up for rounds

4    late and not dressed appropriately, he did not complete his notes despite Mark

5    "spen[ding] hours with him on making sure he understood the work flows," and

6    he failed to complete a physical exam on a patient because the patient was

7    sleeping, which Mark reported was "incredibly concerning."

8         19.    CHCW's Committee Addressing Residents Experiencing Difficulty

9    (CARED) was formed to help residents who were struggling in the program.

10         20.    In or around 2018, Plaintiff informed Dr. Hill that he was struggling

11    with the Electronic Medical Record (EMR) system "and that's when I told her I

12    have ADHD, and this can make it a little more difficult."

13         21.    Plaintiff did not ask for any "specific" accommodations at the time.

14         22.    Plaintiff told Dr. Hill about his ADHD "in the context of I need help

15    just making [the EMR system] do what I needed it to do."

16         23.    Dr. Hill also arranged for Plaintiff to get extra help with the EMR

17    system from senior residents, including Dom Nguyen, Tess Ish-Shalom, and

18    Tiffany Mark.  Dr. Hill also worked with Plaintiff to help him learn the EMR

19    system, and she offered him additional training, which he rejected.

20         24.    Plaintiff late sought help from senior residents on the EMR systems

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 7

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1  "and figured it [the EMR system] out on my own."

2      25.    Plaintiff did not ask Drs. Miller, Pearson, and McCloud for any job

3  modifications because of the ADHD.

4      26.    Plaintiff never asked Program Directors Dr. Russell Meier or Dr.

5  Micahlyn Powers or HR Director Laura McClintock for any accommodations

6  related to his ADHD.

7      27.    On October 23, 2018, CARED discussed Plaintiff's performance.

8      28.    The committee reviewed both positive and negative feedback about

9  Plaintiff's performance.

10      29.    CARED considered that both Dr. Katina Rue and Dr. MacLeod

11  expressed concerns about Plaintiff's medical knowledge.

12      30.    CARED recommended placing Plaintiff on the first stage of the

13  citation process—a constructive citation.

14      31.    Plaintiff received a Constructive Citation on October 23, 2018.

15      32.    CARED recommended "[t]asking [Plaintiff] to find a system that

16  works for him in order to keep him organized."

17      33.    CARED also recommended asking Dr. Mark Bauman shadow

18  Plaintiff because of concerns about Plaintiff's interactions with patients.

19      34.    On October 31, 2018, Dr. Bauman shadowed Plaintiff for more than

20  two hours.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

35.    Dr. Bauman reported back to Hill and others concerns he had with Plaintiff's performance.

36.    On November 14, 2018, Dr. Carlin Miller, an attending physician, reported serious concerns about Plaintiff's performance to his advisor Dr. Hill, including: (i) on the last day of the OB rotation, Plaintiff told Dr. Miller that he still did not know how to do many things he should have known how to do at that point; (ii) Plaintiff "showed a significant lack of ability to triage his day and get things done in a timely manner"; (iii) it took Plaintiff a significant amount to time to discharge two patients despite there being "very little to do to make it happen"; (iv) Plaintiff "frequently ask[ed] questions that he should have known the answers to or should have known where to get the information"; (v) Plaintiff failed to complete physical exams on 6-8 patients despite seeing them in rounds.

37.    Dr. Miller reported to Dr. Hill that "[i]n general there was a complete lack of insight that he was performing well below expected level.  I spent nearly the entire shift there, as long as we had anything active going on, because I did not feel good about leaving the floor and him alone to manage it."

38.    To safely treat patients, it is crucial that doctors be able to self-diagnose their own weaknesses and knowledge gaps so that they are able to educate themselves or seek help when necessary.

39.    On January 23, 2019, CARED met to discuss Plaintiff's progress.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

40.    On January 24, 2019 , Dr. Powers and Dr. Hill met with Plaintiff and placed him on a Consequential Citation, which indicates "areas of concern significant enough to require the Resident and faculty to develop a formal plan of corrective action."

41.    The primary reasons for the Consequential Citation were concerns about professionalism; lack of medical knowledge; concerns for patient safety and decision making; and inappropriate interactions with female faculty, staff, and peers.

42.    CARED's concerns about Plaintiff's professionalism was based in part on:

a. Plaintiff's failure to complete required administrative tasks, such as logging didactic attendance, procedure loggings, and CKSAs [clinical knowledge, skills, and abilities];

b. Plaintiff's failure to notify BHC that he was running late to a shadowing opportunity;

c. Plaintiff's lack of preparation for working the clinic and knowledge of patients' medical conditions before their visits;

d. Plaintiff's inability to stay on time in the clinic and failure to communicate with his preceptors, patients, and nursing team.

43.    CARED's concern about Plaintiff's lack of medical knowledge was

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 10

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

based in part on:

    a.  Plaintiff's failure to consistently take accurate patient histories, perform physical exams, and develop a basis for differential diagnosis and plan for outpatients and inpatients in both clinic and hospital settings.

    b.  Plaintiff's failure to ask for supervision by appropriate attending physicians when needed, and instead asking for nursing supervision.

44.    CARED's concerns for patient safety and decision making was based in part on:

    a.  Plaintiff's documentation of an after-hours call from a patient with chest pain and heart palpitations did not include that she should call 911 instead of driving herself to the hospital.

    b.  Plaintiff documented that he performed a physical exam without actually performing the exam, which Powers noted was fraudulent.

45.    Plaintiff's inappropriate interactions with female faculty, staff, and peers, included that Plaintiff was overly familiar with women, called them "love," and commented on their physical appearance.

46.    The Consequential Citation required Plaintiff to follow an action plan, which included: (1) timely responding to messages, refill requests, and labs; (2) arriving on time for clinic, shadow experiences, meetings, shifts, and rotations; (3) completing didactic attendance logging, CKSA, and procedure logging by

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 11

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

February 21, 2019; (4) arriving at the family medicine clinic by 8 a.m. having chart-prepped the night before; (5) being shadowed in the clinic by a faculty member for the next month; (6) be evaluated by the Washington Physician Health Program (WPHP) "to determine your fitness to practice in residency;" (7) make up his failed Family Medicine rotation; (8) working closely with preceptors to diagnose clinic patients; (9) contacting the Employee Assistance Program (EAP) for help with the stress of residency; (10) receiving additional training on the computer systems, and being excused from clinical duties to complete this training; and (11) receiving additional shadowing and mentoring to help with workflows and efficiency.

47.    During the meeting to discuss this Consequential Citation and action plan, Plaintiff did not raise that he had ADHD, an anxiety disorder, or any impairment or that he needed an accommodation to perform his essential job functions.

48.    On February 4, 2019, Dr. Patrick Moran reported an incident that occurred in September 2018.  At an appointment for a transvaginal ultrasound exam, the patient had her feet in stirrups with a sheet covering her legs.  Before the appointment, Dr. Moran had asked Plaintiff to stand by the wall and simply observe the procedure on a screen, but in the exam, Plaintiff walked up to the patient without being asked and pulled the sheet up over her knees.  Dr. Moran

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 12

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1  reported that this was highly inappropriate behavior and that it caused the patient

2  to feel uncomfortable.

3      49.    Dr. Moran also reported to Hill that Plaintiff,

4  "had not prepared at all in terms of knowing which studies his patients
   needed, what the indications were nor what elements of the studies were.

5  This is atypical, as the residents have several resources spelled out for
   them—including the survival guide, which just happened to contain

6  virtually all of the information he needed to be successful on that day."

7      50.    During Plaintiff's second Family Medical Service (FMS) rotation,

8  CHCW assigned Dom Nguyen, a senior resident, to work with Plaintiff to help

9  him identify where he was struggling and how to improve those areas.

10      51.    Plaintiff believed Nguyen made up his mind about Plaintiff too

11  quickly and was not helpful.

12      52.    Plaintiff responded by avoiding Nguyen and told Nguyen "you are

13  not helping me."

14      53.    Dr. Nguyen responded by trying to help Plaintiff.

15      54.    Dr. Nguyen also provided feedback to the CARED committee after

16  shadowing Plaintiff for three half days.  Nguyen reported serious concerns with

17  Plaintiff's poor insight into what was causing his performance issues; poor

18  medical knowledge; inattention to detail; not following Nguyen's coaching and

19  suggestions to improve his performance; and not doing the work necessary to

20  improve his performance, i.e., being lazy.

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 13

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

55.    On February 13, 2019, Dr. Ragina Lancaster provided Dr. Hill feedback about Plaintiff.  She expressed serious concerns about Plaintiff's (1) communications with patients, patients' family, social workers, and other staff and (2) medical knowledge, providing examples supporting each concern.

56.    That day CARED reviewed feedback about Plaintiff from Carlin Miller, Hill, and Rue in addition to the feedback from Nguyen.

57.    In Dr. Rue's feedback, she stated "I agree with Carlin [Miller] that [Plaintiff] is a detriment to the team and is a risk as far as patient safety.  I do not feel comfortable with him communicating accurate information to me, to consultants, nursing staff or families.  This potentially [a]ffects patient care in a negative way.  I would urge [yo]u to remove him from the service [i.e., the hospital]."

58.    On February 13, 2019, after reviewing and discussing the feedback, CARED moved Plaintiff to the next step of the remediation plan: Probation.

59.    Plaintiff was placed on Probation on February 13, 2019.

60.    As part of the "action plan" accompanying the Probation, CHCW provided Plaintiff with help for the EMR system: "You will be shadowed in your family medicine clinic by a faculty member in the next 1 mo, *with special attention paid to EMR efficiency*."

61.    CARED also noted that Plaintiff had been offered additional

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 14

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1  trainings on the EMR system, which he had refused.

2      62.   On February 13, 2019, That afternoon, Dr. Powers emailed all

3  CHCW faculty to inform them of changes to Plaintiff's curriculum.  Plaintiff

4  would no longer participate in the Family Medicine Service (FMS); instead, he

5  was to perform extra clinic shifts.  D.r Powers also notified faculty that Plaintiff

6  must precept all patients with an attending doctor and that "the attending MUST

7  see every patient, and likely repeat the Hx [history], PE [physical examination],

8  and confirm the A&P [assessment and plan]."

9      63.   On February 15, 2019, Laura Moss, WPHP Associate Medical

10  Director, notified Dr. Powers via email that Plaintiff "attended his scheduled

11  appointment with the (WPHP)…Based on this meeting with Dr. Plaintiff there

12  was no evidence of current impairment."

13      64.   Dr. Moss's email also stated that Plaintiff would be "undergoing

14  additional evaluation from an outside provider to rule out an underlying medical

15  condition that could affect his ability to practice with reasonable safety to

16  patients."

17      65.   On February 26, 2019, CARED met and discussed Plaintiff's

18  progress.  CARED noted that Plaintiff had made progress with respect to

19  responding to messages, appropriate behavior with the nursing staff, and his

20  clinical case studies.  Nonetheless, CARED noted there were still areas that

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 15

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

needed to improve.

66. On February 27, 2019, , CARED provided its feedback and plan to Plaintiff. The plan stated that Plaintiff would begin another FMS rotation on April 1, 2019, and "You must pass this rotation in order to continue your residency training.

67. After receiving the feedback and plan, Plaintiff did not raise any concerns about a medical or mental health impairment or request any accommodations.

68. On April 17, 2019, CARED met to discuss Plaintiff's progress. CARED noted that Plaintiff's "Patient presentations continue to be scattered, disorganized. Sometimes able to answer attending questions but seems to lack common sense in ability to approach a patient case…Misses critical information in H&P, differential diagnoses are shallow, and despite writing 2 cases about sepsis criteria he could not identify that a COPD patient met criteria for sepsis."

69. CARED further noted that Plaintiff was not reviewing at least one evidence-based article related to his patients' condition despite being required and reminded to do so.

70. Nursing staff at Virginia Mason Hospital stated that Plaintiff "still put in orders for blood draw, after this was already discussed and the plans were to not do any lab draws. This upset the family and nursing staff."

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 16

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

71.    Nora Kirschner provided feedback that Plaintiff's "knowledge is below that of a medical student.  Doesn't know acid base disorders or where to look up about them."

72.    Based on this feedback and discussion, CARED concluded that it had "Ongoing grave concerns about decision making, organizational skills, comprehension, and ability to complete tasks on time and follow a plan...If he does not pass his FMS rotation, he will be discharged from the program."

73.    After the meeting, Dr. Powers emailed the FMS attending doctors and asked them "when you work with R1 Demetrios Plaintiff in the next few weeks on FMS, that you think very hard about whether he is meeting expectations or not, as compared to other R1 residents.  His final evaluations are very important in assessing his progress."

74.    On April 18, 2019, via email, Dr. Powers asked Cynthia Morales, WPHP Clinical Coordinator, for an update on Dr. Plaintiff's evaluation.

75.    The next day, Morales responded via email that "[b]ased on this evaluation, there was no current identified impairment due to an underlying medical condition."

76.    Morales continued: "[w]e are recommending to [Plaintiff] enrollment in monitoring with our organization in order to monitor underlying medical conditions.  We want to monitor these conditions in order to prevent

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 17

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

future impairment."

77.    Morales stated "[w]e emphasize to all residency programs and employers that they may continue their own disciplinary processes in tandem with our own."

78.    Morales did not identify any specific medical conditions or reasonable accommodations.

79.    On April 23, 2019, Dr. Midhuna Papazian provided feedback to Dr. Powers.  Dr. Papazian did rounds with Plaintiff to observe him with a patient and assess how he was doing.  Dr. Papazian reported that "[p]rior to my rounding with him, we sat down and talked about the things we would ask the patient and he kept missing the main points during the interview."  She continued "I have rounded on patients after [Plaintiff] has seen them and they seem confused about the information that he shares with them.  I don't feel like it's the right thing for patient care for him to round on patients by himself."

80.    Papazian concluded: "I know we all want Demetrios to succeed but I really don't see how he is going to practice medicine successfully."

81.    Plaintiff agrees that he failed to pass his FMS rotation during the block beginning on October 15, 2018.

82.    Plaintiff agrees that he failed to pass the FMS rotation for a second time during the block beginning on February 4, 2019.

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 18

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

83.    Plaintiff agrees that he failed to pass the FMS rotation for a third time during the block beginning on April 1, 2019. Team up

84.    Powers observed Plaintiff and noted that among the list of his greatest difficulties was "he had difficulty synthesizing information, he had difficulty making an assessment that was accurate, and he had difficulty making a plan to manage the medical conditions and with counseling patients as far as explaining what the plan and options are."

85.    On April 24, 2019, CARED met to discuss Plaintiff's progress and determined that terminating his residency employment was necessary.

86.    As the Program Director, Dr. Powers was the final decision-maker for Plaintiff's termination.

87.    On April 26, 2019, Dr. Ravneet Dhaliwal, CHCW attending doctor, provided feedback about Plaintiff's progress, including that Plaintiff "[l]acks basic skills" and her "[c]oncern for patient safety with appropriate transfer of care."

88.    On May 1, 2019, Plaintiff was informed of his termination from the CHCW residency program.

89.    Plaintiff was paid his entire salary under the contract for 30 days after his termination.

90.    Plaintiff's termination notice provided a grievance procedure.

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 19

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

91.    Plaintiff did not grieve his termination.

92.    On May 7, 2019, Plaintiff first learned of his diagnosis with Generalized Anxiety Disorder (GAD).

93.    On May 8, 2019, Plaintiff shared the GAD diagnosis with Dr. Powers.

94.    That same day, Plaintiff shared that he believed his GAD prevented him from displaying his medical knowledge.

95.    In the same email, Plaintiff made no mention of his ADHD.

96.    Plaintiff asked Dr. Powers to allow him to retake an EKG exam that he had failed.

97.    Dr. Powers allowed him to retake the exam.

## IV. ISSUES OF FACT

The following are the issues of fact to be determined by trial:

1.    Was Plaintiff "disabled" under the ADA during his employment with CHCW?

2.    Was Plaintiff "disabled" under the WLAD during his employment with CHCW?

3.    Did CHCW have notice of Dr. Plaintiff' alleged disability before it terminated his employment as a first-year resident?

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 20

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

4.    Did Plaintiff give CHCW notice of his disability and desire for a reasonable accommodation?

5.    Did Defendant retaliate against Plaintiff?

6.    Was Dr. Plaintiff's disability a substantial factor in CHCW's decision to terminate his employment?

7.    Did CHCW and Dr. Plaintiff enter into an employment contract for a fixed term?

8.    Did CHCW materially breach a contract with Dr. Plaintiff by ending his employment before June 24, 2019?

9.    Did Dr. Plaintiff unreasonably fail to take advantage of work opportunities available to him after he was terminated?

10.    Did CHCW act maliciously, oppressively, or in reckless disregard of Dr. Plaintiff's rights when it discharged him or allegedly failed to accommodate him, such that punitive damages are appropriate?

11.    What amount of compensatory damages is Dr. Plaintiff owed under the WLAD or ADA?

12.    What amount of punitive damages, if any, is Dr. Plaintiff owed under the ADA?

17.    If CHCW materially breached Plaintiff's contract, what are his contract damages?

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

## V. <u>ISSUES OF LAW</u>

The following are the issues of law to be determined by the Court:

      1.     Is Dr. Vorgias entitled to reinstatement or front pay in lieu of?

      2.     What is the correct measure of front pay (ADA)? *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 846 (2001).

      3.     Is Dr. Vorgias entitled to back pay?

      4.     If awarded by the jury, the correct amount of punitive damages and/or compensatory in light of the cap under 42 U.S.C. § 1981a(b) (ADA claims only)?

## VI. <u>EXHIBITS</u>

The following exhibits may be received in evidence, if otherwise admissible, without further authentication, once determined that each is what it purports to be:

### PLAINTIFF'S EXHIBITS

| Ex No. | Description | Bates No. | Admit | Auth. Admitted | Admiss. Disputed |
|---|---|---|---|---|---|
| 1. | CWFM Residency Program Resident Handbook | Not Provided; Produced as ECF No. 71-1 | Pre-Admit | Y | |
| 2. | CWFM "resident Contract in Family Medicine." | Not Provided; Produced as ECF No. 71-2 | Pre-Admit (formerly 205) | Y | |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex No. | Description | Bates No. | Admit | Auth. Admitted | Admiss. Disputed |
|---|---|---|---|---|---|
| 3. | CWFM Residency Verification of Graduate Medical Education & Training | Not Provided; Produced as ECF No. 71-3 | Pre-Admit | Y | |
| 4. | December 11, 2019 letter from Dr. Moss, MD and C. Morales, (WPHP) | Not Provided; Previously produced as ECF No. 71-4 | | Y | FRE 802; 602; 701. *See* ECF No. 99 at 5-6 and ECF No. 110 at 1-3. |
| 5. | April 19, 2019 email from C. Morales to Dr. Powers | Not Provided; Produced as ECF No. 71-5 | Pre-Admit (formerly 235) | Y | |
| 6. | Undated Letter from Dr. Kelly Cornett | Not Provided; Produced as ECF No. 71-6 | | N | FRE 402, 403, 802, 901. |
| 7. | Plaintiff Demetrios Plaintiff' s Supplemental Initial Disclosure re: Damages | Not Provided; Previously produced as ECF No. 71-7 | | Y | FRE 602; 702, 703, 802; 1002 |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 23

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex No. | Description | Bates No. | Admit | Auth. Admitted | Admiss. Disputed |
|---|---|---|---|---|---|
| 8. | Plaintiff's FRCP 26 Initial Expert Witness Disclosure & Report of Dr. Scott Whitmer | Not Provided; Previously produced as ECF No. 71-8 | | Y | FRE 702, 703, 802. *See* ECF No. 70; No. 99 at 13-15; No. 110 at 8 |
| 9. | Seven Letters of Recommendation | Not Provided; Previously produced as ECF No. 71-9 | | N | FRE 402, 403, 702, 703, 802. ECF No. 70. *See* ECF No. 99 at 8; ECF No. 110 at 4-5. |
| 10. | Medical Residency Jobs Plaintiff Applied to via Medical Residency Portal | Not Provided; Produced as ECF No. 71-10 | | Y | FRE 802. |
| 11. | St. George's University Medical Student Performance Evaluation | Not Provided; Produced as ECF No. 71-11 | | N | FRE 402, 403, 802, 901. |
| 12. | ACGME Institutional Requirements | Not Provided; Produced as ECF No. 71-12 | | N | FRE 403, 802, 901. |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 24

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex No. | Description | Bates No. | Admit | Auth. Admitted | Admiss. Disputed |
|---|---|---|---|---|---|
| 13. | ACGME Program Requirements for Graduate Medical Education in Family Medicine | Not Provided | | N | FRE 403, 802, 901. |

### DEFENDANT'S EXHIBITS

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---|---|---|---|---|---|
| 200. | 2016 Resident Handbook | CHCW 000001-10 | | N | FRE 403; Relevance; Foundation |
| 201. | ACGME Program Requirements | CHCW 000011-20 | | N | FRE 403; Relevance; Foundation; Incomplete |
| 202. | Resident Professional-ism Agreement and Accountability Policy (4/22/18) | CHCW 000258-259 | | N | FRE 802 – Hearsay; FRE 403; Relevance; Foundation |
| 203. | Standards of Behavior Agreement (6/27/18) | CHCW 000189 | | N | FRE 802 – Hearsay; FRE 403; Relevance; Foundation |
| 204. | 10/1/2017 Plaintiff Residency Application materials | CHCW 000228-243; 255-257 | | N | |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 25

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---------|-------------|------------|-------|----------------|------------------|
| 205. | R 1 FMS Evaluation | CHCW 000126-135 | | N | FRE 802 – Hearsay |
| 206. | EKG Selective Evaluation | CHCW 000162 | | N | FRE 802 – Hearsay |
| 207. | Resident Individual Learning Plan | CHCW 0000146-156 | | N | FRE 802 – Hearsay |
| 208. | 7/19/2018 Self Evaluation | CHCW 000097-98 | | N | FRE 802 – Hearsay |
| 209. | 9/17/18 Email from J. Gay | CHCW 000044 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 210. | 10/1/2018 Email from T. Mark | CHCW 000045-46 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 211. | Resident Individual Learning Plan | CHCW 000047-50 | | N | Relevance |
| 212. | CARED Committee Description | PLAINTIFF 00039-45 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 213. | 10/23/2018 CARED Meeting re Constructive Citation | CHCW 000051-52 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 214. | 10/23/2018 New Innovations Evaluation by Dr. Hill | PLAINTIFF 000080-83 | | N | FRE 802 – Hearsay; FRE 403; Misleading |

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---|---|---|---|---|---|
| 215. | 10/24/2018 Quarterly Review / Constructive Citation | CHCW 000102-103 | | N | FRE 802 – Hearsay |
| 216. | 11/4/2018 Email from Dr. Bauman | CHCW 000055-56 | | N | FRE 802 – Hearsay |
| 217. | November 14, 2018 Email from Dr. Miller | CHCW 000053-54 | | N | FRE 802 – Hearsay |
| 218. | 2018-2019 Rotation Comparison | CHCW 000184-186 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 219. | 2018 American Board of Family Medicine In Training Examination Performance Report | CHCW 000167 | | N | FRE 802 – Hearsay; Foundation; Misleading |
| 220. | 1/23/2019 Consequential Citation by CARED Committee | CHCW 000058-60 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 221. | 1/23/2019 Quarterly Review | CHCW 000163-164 | | N | FRE 802 – Hearsay; FRE 403; Misleading |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 27

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---|---|---|---|---|---|
| 222. | 1/28/2019 Email from Dr. Hill to faculty re Consequential Citation | CHCW 000057 | | N | FRE 802 – Hearsay; FRE 403; Misleading; Prejudicial |
| 223. | 2/4/2019 Email from Dr. Moran | CHCW 000061-62 | | N | FRE 802 – Hearsay; FRE 403; Misleading; Prejudicial |
| 224. | 2/10/2019 New Innovations Review by Dr. Rue | PLAINT IFF 000210-213 | | N | FRE 802 – Hearsay; FRE 403; Misleading; Prejudicial |
| 225. | 2/13/2019 Pre-reading for CARED Meeting | CHCW 000066-71 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 226. | 2/13/2019 CARED Meeting regarding probation | CHCW 000072-75 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 227. | CARED to Dr. Plaintiff/Prob ation | CHCW 000091-94 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 228. | 2/13/2019 Email from Dr. Lancaster | CHCW 000064-65 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 229. | 2/13/2019 Email from Dr. Powers | CHCW 000076 | | N | FRE 802 – Hearsay; FRE 403; Misleading |

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---|---|---|---|---|---|
| 230. | 2/15/2019 Letter from Dr. Moss to Dr. Powers | CHCW 000077 | | N | FRE 802 – Hearsay |
| 231. | 2/26/2019 CARED Meeting regarding remaining on Probation | CHCW 000165-166 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 232. | March 2019 "Clinical Question" emails with Dr. Powers | CHCW 000206-227 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 233. | 4/17/ 2019 CARED Meeting re Probation | CHCW 000078-79 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 234. | 4/23/2019 Emails re "Vorgias FMS Evaluations" | CHCW 000084 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 235. | 4/23/2019 Email from Dr. Papazian | CHCW 000080 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 236. | 4/24/2019 CARED Meeting re termination | CHCW 000087-88 | | N | FRE 802 – Hearsay; FRE 403; Misleading |
| 237. | 4/24/2019 Quarterly Review | CHCW 000089-92 | | N | FRE 802 – Hearsay; FRE 403; Misleading; Foundation |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 29

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---|---|---|---|---|---|
| 238. | 4/26/2019 Email from Dr. Dhaliwal | CHCW 000085-86 | | N | FRE 802 – Hearsay |
| 239. | 5/1/2019 "On the Fly Resident Evaluation" by Dr. Dhaliwal | VORGIAS 000186 | | N | FRE 802 – Hearsay; FRE 403; Misleading; Foundation |
| 240. | 5/8/2019 Email from Dr. Powers to Plaintiff | CHCW 000095-96 | | N | FRE 802 – Hearsay |
| 241. | List of jobs Plaintiff applied to after separation of employment | PLTF 001155 | | N | FRE 403; Incomplete |
| 242. | 2017 Resume | CHCW 000261 | | N | |
| 243. | 2021 Resume | PLTF 000145-147 | | N | |
| 244. | November 3, 2020 EEOC Dismissal Notice | VORGIAS 000254-255 | | N | FRE 802 - Hearsay; FRE 403; Misleading; Foundation |
| 245. | Shelly Lewis, MA, CRC, CLCP, ABVE/D CV Expert Report dated November 4, 2021 | 11/5/, 2021 | | N | FRE 802 – Hearsay; Relevance |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 30

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| Ex. No. | Description | Bates Nos. | Admit | Auth. Disputed | Admiss. Disputed |
|---------|-------------|------------|-------|----------------|------------------|
| 246. | Shelly Lewis, MA, CRC, CLCP, ABVE/D CV | 11/5/2021 2021 | | N | FRE 802 – Hearsay; Relevance |

Other than for impeachment purposes, the only exhibits admitted at trial will be exhibits identified herein or on a supplemental list filed at least 14 days before trial, or at such earlier date as may have been set by the Court, which supplemental list shall bear counsel's certificate that opposing counsel has had an opportunity to examine the exhibits.

Objections to exhibits, except as to relevancy, must be heard prior to trial.

## VII. <u>WITNESSES</u>

**A. Plaintiff's Witnesses:**

    1.    Demetrios Plaintiff

    2.    Rebecca Ward

    3.    Kelly Cornett

    4.    Tess-Ish-Shalom

    5.    Mark Bauer

    6.    Ed Prasthofer

    7.    Douglas E. Coon

    8.    Judith Harvey

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 31

1    9.    Caitlin C.D. Hill

2    10.    Carlin Miller

3    11.    Cynthia Morales

4    12.    Scott Whitmer

5    13.    Ben E. Kitchens

6    14.    Sagar Vijapura

7    15.    Brandon Isaacs

8    **B. Defendant's Witnesses:**

9    1.    Demetrios Plaintiff

10    2.    Michalyn Powers

11    3.    Katina Rue

12    4.    Caitlin Hill

13    5.    David Bauman

14    6.    Ragina Lancaster

15    7.    Laura McClintock

16    8.    Carlin Miller

17    9.    Patrick Moran

18    10.    Dominick Nguyen

19    11.    Ravneet Dhaliwal

20    12.    Shelley Lewis

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 32

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

1    Other than for rebuttal purposes, no witness may be called unless listed

2    above.

### VIII. **RELIEF SOUGHT**

4    Injunctive relief, including reinstatement of Dr. Vorgias to the residency

5    program at Community Health of Central Washington and/or monetary damages

6    for unlawful discrimination, attorney fees, costs, and punitive damages.

### IX. **TRIAL**

8    The parties estimate seven (7) days trial time. The parties stipulate and agree

9    to the following: No stipulation reached by the parties. Proposed instructions and

10   trial memoranda shall be filed in accordance with the court's scheduling order. *See*

11   ECF No. 89 and ECF No. 113.

### X. **ACTION BY THE COURT**

13   The Court has made the following rulings:

14   1.    The Court granted Defendant's motion to exclude portions of

15   Plaintiff's expert's testimony and report. *See* ECF No. 70. The Court denied

16   Defendant's request for an expert examination. *See* ECF No. 68.

17   2.    The Court denied cross-motions for summary judgment filed by both

18   parties as to all claims. ECF No. 69. The Court also denied reconsideration. ECF

19   No. 87.

20

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

3.      [motions in limine]

_____.

4.      _____

_____.

5.      _____

_____.

It is ORDERED that the foregoing constitutes the pretrial order in the case and that upon the filing hereof all pleadings pass out of the case and are superseded by this Order. This Order may be amended by consent of the parties and approval by the Court or by the Court to prevent manifest injustice.

ENTERED this _____ day of _____ 2022.

_____
The Honorable Stanley A. Bastian

PRESENTED BY:

| FISHER PHILLIPS LLP | LARSON | GRIFFEE | PICKETT, PLLC |
|---|---|
| By: *s/ Catharine Morisset* <br> Catharine M. Morisset, WSBA #29682 <br> Suzanne Michael, WSBA #14072 <br> Clarence Belnavis, WSBA #36681 <br> 1700 7th Avenue, Suite 2200 <br> Seattle, WA 98101 <br> Phone: (206) 682-2308 <br> Fax: (206) 682-7908 <br> cmorisset@fisherphillips.com | By: *s/William Pickett* <br> William D. Pickett, WSBA #27867 <br> 105 N. Third Street <br> Yakima, Washington 98901 <br> Tel: 509-972-1825 <br> bill@lgplawfirm.com <br> *Attorney for Plaintiff* |

JOINT [PROPOSED] PRETRIAL ORDER
(21-03013 SAB). - Page 34

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5

| | |
|---|---|
| smichael@fisherphillips.com<br>cbelnavis@fisherphillips.com<br>*Attorneys for Defendants* | |
| LAW OFFICES OF LUAN T. LE<br>By: *s/Luan Le*<br>Luan T. Le. CSBA #171029<br>1190 S Bascom Avenue, Suite 213<br>San Jose, CA 95128<br>Email: ledowningllp@gmail.com<br>*Attorney for Plaintiff – Pro Hac Vice* | LAW OFFICES OF SETH W.<br>WIENER<br>By: *s/Seth W. Wiener*<br>Seth W. Wiener, CSBA #203747<br>609 Karina Court<br>San Ramon, CA 94582<br>Email: sethwiener@yahoo.com<br>*Attorney for Plaintiff – Pro Hac<br>Vice* |

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the date below written, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF system and caused to be

   served a true and correct copy of same by the method indicated below and

4 addressed as follows:

5   Luan T. Le, *pro hac vice*
    Law Offices of Luan T. Le
6   1190 S Bascom Avenue, Suite 213
    San Jose, CA 95128
7   Email: ledowningllp@gmail.com

8   Seth W. Wiener, *pro hac vice*
    Law Offices of Seth W. Wiener
9   609 Karina Court
    San Ramon, CA 94582
10  Email: sethwiener@yahoo.com

11  William D. Pickett, WSBA #27867
    Larson Griffee & Pickett, PLLC
12  105 North 3rd Street
    Yakima, WA  98901
13  Phone: 509-972-1825
    Fax: 509-457-1027
14  Email: Bill@lgplawfirm.com

15  *Attorneys for Plaintiff*

16       Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the

17 laws of the United States of America that the foregoing is true and correct.

18       Executed August 24, 2022, at Portland, Oregon.

19

20                                          _Alison Roblin_
                                          _____
                                          Alison Roblin

JOINT [PROPOSED] PRETRIAL ORDER               FISHER & PHILLIPS LLP
(21-03013 SAB). - Page 36                      1700 7TH AVENUE, SUITE 2200
                                                    SEATTLE, WA 98101
                                          Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44976843.5