1                          THE HONORABLE STANLEY A. BASTIAN

2   William D. Pickett, WSBA #27867
    LARSON | GRIFFEE | PICKETT, PLLC
3   105 N. Third Street
    Yakima, Washington 98901
    Tel: 509-972-1825
4   bill@lgplawfirm.com
    *Attorney for Plaintiff*

5
    Luan T. Le, *pro hac vice*
6   LAW OFFICES OF LUAN T. LE
    1190 S. Bascom Ave, Suite 213
7   San Jose, CA 95128
    Tel:  408-247-4715
8   Email:  ledowningllp@gmail.com
    *Co-counsel for Plaintiff*

9
    Seth W. Wiener, *pro hac vice*
10  LAW OFFICES OF SETH W. WIENER
    609 Karina Court
11  San Ramon, CA 94582
    Tel:  925-487-5607
12  Email:  seth@sethwienerlaw.com
    *Co-counsel for Plaintiff*

13
    Catharine Morisset, WSBA #29682
14  Suzanne K. Michael, WSBA #14072
    Clarence Belnavis, WSBA # 36681
15  cmorisset@fisherphillips.com
    smichael@fisherphillips.com
16  cbelnavis@fisherphillips.com
    FISHER PHILLIPS LLP
17  1700 7th Avenue, Suite 2200
    Seattle, WA 98101
18  Tel: 206-682-2308
    *Attorneys for Defendant*

19

20

21  PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
    Page 1

22

FP 44989069.7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON - AT YAKIMA

DEMETRIOS VORGIAS,

                      Plaintiff,

    vs.

COMMUNITY HEALTH OF
CENTRAL WASHINGTON,

                  Defendant.

NO. 1:21-cv-03013-SAB

PROPOSED JURY
INSTRUCTIONS

## TABLE OF CONTENTS

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1. | Duty of Jury | 9th Cir. MCJI[1] 1.4 | 9 | Joint |
| 2. | Claims and Defenses | 9th Cir. MCJI 1.5 | 10 | Joint |
| 3. | Burden of Proof – Preponderance of the Evidence | 9th Cir. MCJI 1.6 | 11 | Joint |
| 4. | What is Evidence | 9th Cir. MCJI 1.9 | 12 | Joint |
| 5. | What is Not Evidence | 9th Cir. MCJI 1.10 | 13 | Joint |
| 6. | Direct and Circumstantial Evidence | 9th Cir. MCJI 1.12 | 15 | Joint |
| 7. | Ruling on Objections | 9th Cir. MCJI 1.13 | 16 | Joint |
| 8. | Credibility of Witnesses | 9th Cir. MCJI 1.14 | 17 | Joint |
| 9. | Conduct of the Jury | 9th Cir. MCJI 1.15 | 19 | Joint |
| 10. | No Transcript Available | 9th Cir. MCJI 1.17 | 22 | Joint |
| 11. | Taking Notes | 9th Cir. MCJI 1.18 | 23 | Joint |

[1] Ninth Circuit Manual of Model Civil Jury Instructions.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

| 12. | Bench Conferences and Recesses | 9th Cir. MCJI 1.20 | 24 | Joint |
|---|---|---|---|---|
| 13. | Outline of Trial | 9th Cir. MCJI 1.21 | 25 | Joint |
| 14. | Impeachment Evidence | 9th Cir. MCJI 2.9 | 26 | Joint |
| 15. | Use of Interrogatories | 9th Cir. MCJI 2.11 | 27 | Joint |
| 16. | Opinion Evidence | 9th Cir. MCJI 2.13 | 28 | Joint |
| 17. | Evidence in Electronic Format | 9th Cir. MCJI 2.16 | 29 | Joint |
| 18. | Non-Profit Corporation—Fair Treatment | 9th Cir. MCJI 4.1 | 31 | Joint |
| 19. | Duty to Deliberate | 9th Cir. MCJI 3.1 | 32 | Joint |
| 20. | Consideration of Evidence, Conduct of Jury | 9th Cir. MCJI 3.2 | 33 | Joint |
| 21. | Communication with Court | 9th Cir. MCJI 3.3 | 36 | Joint |
| 22. | Return of Verdict | 9th Cir. MCJI 3.5 | 37 | Joint |
| 23. | Washington: Corporations and Similar Parties | WPI 1.07 | 38 | Joint |
| 24. | ADA Employment Actions—Actual Disability— Elements | 9th Cir. MCJI 12.1.A | 39 | Joint |
| 25. | ADA—Disparate Treatment— "Because of" Defined | 9th Cir. MCJI 10.3 (adapted to ADA). | 40 | Joint |
| 26. | ADA—Ability to Perform Essential Functions—Factors | 9th Cir. MCJI 12.6. | 41 | Joint |
| 27. | ADA—Reasonable Accommodation | 9th Cir. MCJI 12.7. | 43 | Joint |
| 28. | WLAD— Employment Discrimination— | WPI 330.01.01 | 45 | Joint |

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

| | | | | |
|---|---|---|---|---|
| | General—Disparate Treatment—Burden of Proof—Substantial Factor | | | |
| 29. | WLAD—Employment Discrimination—Disability Discrimination—Definition of Disability | WPI 330.31 | 46 | Joint |
| 30. | WLAD—Employment Discrimination—Disability Discrimination—Definition of Impairment | WPI 330.31.01 | 47 | Joint |
| 31. | WLAD—Employment Discrimination—Disability Discrimination—Disparate Treatment Burden of Proof | WPI 330.32 | 48 | Joint |
| 32. | WLAD—Employment Discrimination—Disability Discrimination—Reasonable Accommodation—Burden of Proof | WPI 330.33 | 49 | Joint |
| 33. | WLAD—Employment Discrimination—Disability | WPI 330.34 | 51 | Joint |

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 4

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

| | | | | |
|---|---|---|---|---|
| | Discrimination—Reasonable Accommodation—Definition | | | |
| 34. | WLAD—Employment discrimination—Disability Discrimination—Essential Function—Definition | WPI 330.37 | 53 | Joint |
| 35. | Damages – Mitigation | 9th Cir. MCJI 5.3 | 55 | Joint |
| 36. | Damages Arising in the Future – Discount to Present Cash Value | 9th Cir. MCJI No. 5.4 | 56 | Joint |
| 37. | Punitive Damages (ADA Only) | 9th Cir. MCJI No. 5.5 | 57 | Joint |
| 38. | Insurance and Collateral Source | WPI 2.13 | 59 | Joint |
| 39. | ADA—Physical or Mental Impairment | 9th Cir. MCJI 12.1.A | 60 | Plaintiff |
| 40. | ADA—Physical or Mental Impairment | 9th Cir. MCJI 12.2 | 62 | Plaintiff |
| 41. | ADA- Work as a Major Life Activity | 9th Cir. MCJI 12.3 | 63 | Plaintiff |
| 42. | ADA—Qualified Individual | 9th Cir. MCJI 12.5 | 64 | Plaintiff |
| 43. | Washington Law Against Discrimination - Elements of Retaliation Claim | -- | 65 | Plaintiff |
| 44. | Washington Law Retaliation | WPI 330.05 | 66 | Plaintiff |
| 45. | Damages—Proof | 9th Cir. MCJI 5.1 | 68 | Plaintiff |

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

| 46. | Measures of Types of Damages | 9th Cir. MCJI 5.2 | 69 | Plaintiff |
|---|---|---|---|---|
| 47. | Nominal Damages | 9th Cir. MCJI No. 5.6 | 72 | Plaintiff |
| 48. | ADA—Physical or Mental Impairment | • 9th Cir. MCJI 12.2.<br>• *Steenmeyer v. Boeing Co.*, 92 F. Supp. 3d 1024, 1030 (W.D. Wash. 2015) | 73 | Joint |
| 49. | ADA—Work as Major Life Activity | • 9th Cir. MCJI 12.3.<br>• *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir.2014); 29 CFR §§ 1630.2(j)(1)(ii), (v); (j)(4)(i) | 74 | Joint |
| 50. | ADA—Qualified Individual | • 9th Cir. MCJI 12.5.<br>• *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000); *Steenmeyer v. Boeing Co.*, 92 F. Supp. 3d 1024, 1030 (W.D. Wash. 2015). | 75 | Joint |
| 51. | Business Judgment | • *Burchfiel v. Boeing Corp.*, | 76 | Defendant |

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 6

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

| | | | 149 Wn. App. 468, 492 (2009). | | |
|---|---|---|---|---|---|
| 52. | Undue Hardship | • WPI 330.36 <br> • 9th Cir. MCJI 12.8. | | 77 | Joint |
| 53. | ADA—Defenses—Direct Threat | 9th Cir. MCJI 12.11. | | 78 | Defendant |
| 54. | ADA—Damages—Proof | 9th Cir. MCJI 12.12; 5.1; 5.2. | | 80 | Joint |
| 55. | ADA—Damages—Back Pay—Mitigation | 9th Cir. MCJI 11.13 | | 81 | Joint |
| 56. | WLAD—Employment Discrimination—Disability Discrimination—Undue Hardship—Burden of Proof | • WPI 330.31.36 <br> • WAC 162-22-075. | | 83 | Joint |
| 57. | WLAD Disability Discrimination – Measure of Damages | WPI 330.81 | | 84 | Joint |
| 58. | Employment Discrimination—Damages—Future Lost Earnings (Front Pay) | WPI 330.81; 330.82. *See also* WPI 34.02. | | 86 | Joint |
| 59. | Employment Discrimination—Damages—Mitigation—Wage Loss | WPI 330.83 | | 88 | Joint |
| 60. | Issues—Breach of Contract—Damages | • WPI 300.01 <br> • *See* Rest. (2d) of Contracts § 241; *DC Farms, LLC v.* | | 89 | Joint |

FISHER & PHILLIPS LLP <br> 1700 7TH AVENUE, SUITE 2200 <br> SEATTLE, WA 98101 <br> Phone: (206) 682-2308 Fax: (206) 682-7908

| | | | | | |
|---|---|---|---|---|---|
| | | | *Conagra Foods Lamb Weston*, Inc., 179 Wn. App. 205, 221-22 (2014). | | |
| 61. | Contract Defined | • WPI 301.01 | | 90 | Joint |
| 62. | At Will Employment | • *Roberts v. Atl. Richfield Co.*, 88 Wn.2d 887, 891, 894 (1977). | | 91 | Defendant |
| 63. | Burden of Proof on the Issues—Breach of Contract—With Affirmative Defenses | • WPI 300.03<br>• *See* Rest. (2d) of Contracts § 241; *DC Farms, LLC v. Conagra Foods Lamb Weston*, Inc., 179 Wn. App. 205, 221-22 (2014). | | 92 | Joint |
| 64. | Contract Interpretation | WPI 301.05 | | 94 | Joint |
| 65. | Material Breach—Definition | WPI 302.03 | | 95 | Joint |
| 66. | Measure of Expectation Damages—Breach of Contract—No Counterclaim | WPI 303.01 | | 96 | Joint |
| 67. | Contract—Mitigation of Damages | WPI 330.06 | | 98 | Joint |

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

**JOINT PROPOSED INSTRUCTIONS**

**INSTRUCTION NO. 1**[2]

<u>Duty of Jury</u>

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

_____

[2] 9th Cir. MCJI 1.4.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 9

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 2**[3]

<u>Claims and Defenses</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts (1) Defendant discharged him because of a disability; (2) Defendant failed to grant him a reasonable accommodation for a disability, 3) Defendant engaged in retaliation against plaintiff, and (4) Defendant breached a written contract with him and Plaintiff has the burden of proving these claims.

Defendant denies each of those claims.

Defendant also contends that even if it failed to grant plaintiff a reasonable accommodation, it could not have granted any reasonable accommodation without undue hardship or creating a direct threat to the health and safety of others.  Defendant also contends that plaintiff failed to reasonably mitigate his damages, if any.  Defendant has the burden of proof on these or affirmative defenses.

---

[3] 9th Cir. MCJI 1.5.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 10

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 3**[4]

<u>Burden of Proof</u>

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[4] 9th Cir. MCJI 1.6.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 11

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 4[5]

## What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits that are admitted into evidence;

    3. any facts to which the lawyers have agreed; and

        4. any facts that I have instructed you to accept as proved.

---

[5] 9th Cir. MCJI 1.9

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 12

FP 44989069.7

# INSTRUCTION NO. 5[6]

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

---

[6] 9th Cir. MCJI 1.10

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 13

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

4.     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 6**[7]

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

[7] 9th Cir. MCJI 1.12

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 15

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 7[8]

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[8] 9th Cir. MCJI 1.13

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 16

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

**INSTRUCTION NO. 8[9]**

2

<u>Credibility of Witnesses</u>

3      In deciding the facts in this case, you might have to decide which testimony

4   to believe and which testimony not to believe.  You may believe everything a

5   witness says, or part of it, or none of it.

6      In considering the testimony of any witness, you may take into account:

7      1.      The opportunity and ability of the witness to see or hear or know the

8   things testified to;

9      2.      The witness's memory;

10      3.      The witness's manner while testifying;

11      4.      The witness's interest in the outcome of the case and any bias or

12   prejudice;

13      5.      The witness's bias or prejudice, if any;

14      6.      Whether other evidence contradicted the witness's testimony;

15      7.      The reasonableness of the witness's testimony in light of all the

16   evidence; and

17      8.      Any other factors that bear on believability.

18   These are some of the factors you may consider in deciding whether to believe

19   testimony.

20   _____

21   [9] 9th Cir. MCJI 1.14

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 17

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO.9**[10]

<u>Conduct of the Jury</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with

---

[10] 9th Cir. MCJI 1.15.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1 everyone else including your family members, your employer, the media or press,

2 and the people involved in the trial, although you may notify your family and your

3 employer that you have been seated as a juror in the case, and how long you expect

4 the trial to last.  But, if you are asked or approached in any way about your jury

5 service or anything about this case, you must respond that you have been ordered

6 not to discuss the matter and report the contact to the court.

7       Because you will receive all the evidence and legal instruction you properly

8 may consider to return a verdict:  do not read, watch or listen to any news or media

9 accounts or commentary about the case or anything to do with it[,although I have

10 no information that there will be news reports about this case]; do not do any

11 research, such as consulting dictionaries, searching the Internet, or using other

12 reference materials; and do not make any investigation or in any other way try to

13 learn about the case on your own.  Do not visit or view any place discussed in this

14 case, and do not use the Internet or any other resource to search for or view any

15 place discussed during the trial.  Also, do not do any research about this case, the

16 law, or the people involved—including the parties, the witnesses or the lawyers—

17 until you have been excused as jurors. If you happen to read or hear anything

18 touching on this case in the media, turn away and report it to me as soon as

19 possible.

20

21 PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 20

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

# INSTRUCTION NO.10[11]

## No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given.

During deliberations you will not have a transcript of the trial testimony.

---

[11] 9th Cir. MCJI 1.17.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO.11**[12]

<u>Taking Notes</u>

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [*courtroom*] [*jury room*] [*envelope in the jury room*]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[12] 9th Cir. MCJI 1.18.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 23

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO.12[13]

<u>Bench Conferences and Recesses</u>

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[13] 9th Cir. MCJI 1.20.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 24

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO.13[14]

## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

[14] 9th Cir. MCJI 1.21.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO.14[15]

## Impeachment Evidence

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

---

[15] 9th Cir. MCJI 2.9.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO.15[16]

## Use of Interrogatories

Evidence *[will now be] [was]* presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

---

[16] 9th Cir. MCJI 2.11.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 27

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 16**[17]

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of their education or experience, are permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

[17] 9th Cir. MCJI 2.13.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 28

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 17[18]

## Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury

---

[18] 9th Cir. MCJI 2.16.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)- Page 29

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 18**[19]

<u>Non-Profit Corporation-Fair Treatment</u>

All parties are equal before the law and a non-profit corporation is entitled to the same fair and conscientious consideration by you as any party.

---

[19] 9th Cir. MCJI 4.1.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)- Page 31

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 19[20]

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[20] 9th Cir. MCJI 3.1

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 32

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 20**[21]

<u>Consideration of Evidence, Conduct of the Jury</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there

---

[21] 9th Cir. MCJI 3.2

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 33

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1  will be news reports about this case]; do not do any research, such as consulting

2  dictionaries, searching the Internet, or using other reference materials; and do not

3  make any investigation or in any other way try to learn about the case on your

4  own. Do not visit or view any place discussed in this case, and do not use Internet

5  programs or other devices to search for or view any place discussed during the

6  trial. Also, do not do any research about this case, the law, or the people

7  involved—including the parties, the witnesses or the lawyers—until you have

8  been excused as jurors. If you happen to read or hear anything touching on this

9  case in the media, turn away and report it to me as soon as possible.

10      These rules protect each party's right to have this case decided only on

11  evidence that has been presented here in court. Witnesses here in court take an

12  oath to tell the truth, and the accuracy of their testimony is tested through the trial

13  process. If you do any research or investigation outside the courtroom, or gain any

14  information through improper communications, then your verdict may be

15  influenced by inaccurate, incomplete or misleading information that has not been

16  tested by the trial process. Each of the parties is entitled to a fair trial by an

17  impartial jury, and if you decide the case based on information not presented in

18  court, you will have denied the parties a fair trial. Remember, you have taken an

19  oath to follow the rules, and it is very important that you follow these rules.

20      A juror who violates these restrictions jeopardizes the fairness of these

21  PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
    Page 34

22

proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 21[22]

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[22] 9th Cir. MCJI 3.3

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)- Page 36

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 22[23]

## Return of Verdict

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

---

[23] 9th Cir. MCJI 3.5

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 37

1

## INSTRUCTION NO. 23[24]

2

### Corporations and Similar Parties

3

The law treats all parties equally whether they are business entities or

4

individuals. This means that business entities and individuals are to be treated in

5

the same fair and unprejudiced manner.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

---

[24] WPI 1.07

21

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 38

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

# INSTRUCTION NO. 24[25]

## ADA Employment Actions—Actual Disability—Elements

The plaintiff claims that his disability was the reason for the defendant's decision to discharge him.  To succeed on this claim the plaintiff has the burden of proving the following by a preponderance of the evidence:

1.    The plaintiff had a mental impairment (See Instruction No. 12);

2.    Such mental impairment substantially limited one or more major life activities compared to most people in the general population (See instruction No. 13);

3.    The plaintiff was a qualified individual at the time he was discharged (See Instruction No. 14); and

4.    The plaintiff was discharged because of his mental impairment.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Major life activities are the normal activities of living that a non-disabled person can do with little or no difficulty, such as working.

---

[25] 9th Cir. MCJI 12.1.A.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 39

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

### INSTRUCTION NO. 25[26]

2

<u>ADA—Disparate Treatment— "Because of" Defined</u>

3    "Because of" means "by reason of" or "on account of."  This is sometimes

4    referred to as "but-for causation."  This form of causation is shown whenever a

5    particular outcome would not have happened "but for" the purported cause.  It is

6    a reason without which the plaintiff's discharge would not have occurred.

7        A but-for test directs us to change one thing at a time and see if the outcome

8    changes.  If it does, we have found a "but-for cause."  Often, events have multiple

9    but-for causes.  For example, if a car accident occurred both because the defendant

10    ran a red light and because the plaintiff failed to signal his turn at the intersection,

11    we might call each a "but-for cause" of the collision.

12        In the context of this claim, a defendant cannot avoid liability just by citing

13    some other factor that contributed to the challenged employment decision.  So

14    long as the plaintiff's disability (assuming you have found that he was disabled)

15    was one "but-for cause" of that decision, that is enough to trigger the law.  A "but-

16    for cause" does not mean the sole cause or even a primary cause.

17

18

19

20    _____

[26] 9th Cir. MCJI 10.3 (adapted to ADA per. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th
      Cir. 2019).

21    PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
      Page 40

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

**INSTRUCTION NO. 26**[27]

<u>ADA—Ability to Perform Essential Functions—Factors</u>

An essential function of an employment position means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential.

If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

1.    whether the reason the position exists is to perform that function;

2.    whether there are a limited number of employees available among whom the performance of that job function can be distributed;

3.    whether the job function is highly specialized, and the person in that particular position is hired for his expertise or ability to perform the particular function;

4.    the amount of time spent performing the job function;

[27] 9th Cir. MCJI 12.6, as modified.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

5.    consequences of not requiring the individual holding the position to perform the function;

6.    the work experience of past employees who have held the position; and

7.    work experience of current employees that hold similar positions.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 27**[28]

ADA—Reasonable Accommodation

To establish the plaintiff's claim that the defendant discriminated against the plaintiff in violation of the ADA by failing to provide a reasonable accommodation, the plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

1.      The plaintiff was a "qualified individual" (see Instruction No. 14) at the time he was discharged;

2.      The defendant received adequate notice of the plaintiff's disability and desire for a reasonable accommodation; and

3.      A reasonable accommodation was available that would have enabled the plaintiff to perform the essential functions of the job (see Instruction No. 15).

Under the ADA, accommodation(s) by the defendant may include, but are not limited to:

1.      Job restructuring or reassignment;

2.      Part-time or modified work schedule;

3.      Reassignment to a vacant position; or

4.      Modification of examinations, training materials, or policies.

---

[28] 9th Cir. MCJI 12.7.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 43

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1    You must determine whether the plaintiff requested accommodations from

2    the defendant, and if the plaintiff did request them, whether the accommodation(s)

3    are reasonable.

4    A reasonable accommodation does not include changing or eliminating any

5    essential function of employment, shifting any of the essential functions of the

6    subject employment to others, or creating a new position for the disabled

7    employee.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 28**[29]

<u>WLAD—Employment Discrimination—General—Disparate Treatment—</u>

<u>Burden of Proof—Substantial Factor</u>

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that the plaintiff would not have been discharged but for his disability.

---

[29] WPI 330.01.01

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 45

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 29[30]

<u>WLAD—Employment Discrimination—Disability Discrimination—Definition</u>

<u>of Disability</u>

For purposes of plaintiff's disability discrimination claim under Washington law, a "disability" means a sensory, mental, or physical impairment (See Instruction No. 27) that:

(1) Is medically recognized or diagnosable; or

(2) Exists as a record or history.

A disability may exist whether it is temporary or permanent, common or uncommon, mitigated or unmitigated, whether or not it limits the ability to work generally or work at a particular job, or whether or not it limits any other activity.

---

[30] WPI 330.31 (explaining that definition is different than under federal law).

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)- Page 46

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 30**[31]

<u>WLAD—Employment Discrimination—Disability Discrimination—Definition</u>

<u>of Impairment</u>

For purposes of plaintiff's claim under Washington's Law Against Discrimination, an impairment includes any mental or psychological disorder including but not limited to cognitive limitation, emotional or mental illness, and specific learning disabilities.

---

[31] WPI 330.31.01

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 47

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 31[32]

<u>WLAD—Employment Discrimination—Disability Discrimination—Disparate</u>

<u>Treatment—Burden of Proof</u>

Discrimination in employment on the basis of disability is prohibited under the Washington Law Against Discrimination.

To establish his claim of discrimination on the basis of disability, the plaintiff has the burden of proving each of the following propositions:

1.      That he has a disability;

2.      That he is able to perform the essential functions of the job in question;

3.      That his disability was a substantial factor in the defendant's decision to terminate him.

The plaintiff does not have to prove that disability was the only factor or the main factor in the decision. Nor does the plaintiff have to prove that he would have been retained but for his disability.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant on this claim.

---

[32] WPI 330.32

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 48

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

# INSTRUCTION NO. 32[33]

2

WLAD—Employment Discrimination—Disability Discrimination—Reasonable

3

Accommodation—Burden of Proof

4      Discrimination in employment on the basis of disability is prohibited under

5  Washington's Law Against Discrimination. One form of unlawful discrimination

6  is a failure to reasonably accommodate an employee's disability.

7      To establish his claim of discrimination on the basis of failure to reasonably

8  accommodate a disability under Washington law, the plaintiff has the burden of

9  proving each of the following propositions:

10      1.    That he had an impairment that is medically recognizable or

11  diagnosable or exists as a record or history;

12      2.    That either:

13          a.  the employee gave the employer notice of the impairment; or

14          b.  no notice was required to be given because the employer knew

15              about the employee's impairment;

16      3.    That either:

17          a.  the impairment had a substantially limiting effect on

18              i.   his ability to perform his job; or

19

20  _____

[33] WPI 330.33

21  PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
    Page 49

22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

          ii.  his    ability    to    access equal    terms or conditions of employment; or

    b.  The plaintiff provided medical documentation to the employer establishing a reasonable likelihood that working without an accommodation would aggravate the impairment to the extent it would create a substantially limiting effect;

4.    That he would have been able to perform the essential functions of the job in question with reasonable accommodation; and

5.    That the employer failed to reasonably accommodate the impairment.

In determining whether an impairment has a substantially limiting effect, a limitation is not substantial if it has only a trivial effect.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for the employer on this claim under Washington law.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 33[34]

<u>WLAD—Employment Discrimination—Disability Discrimination—Reasonable</u>

<u>Accommodation—Definition</u>

A reasonable accommodation is a measure that enables the proper performance of the essential job functions.

Once an employer is on notice of an impairment, the employer has a duty to inquire about the nature and extent of the impairment. The employee has a duty to cooperate with his employer to explain the nature and extent of the employee's impairment and resulting limitations as well as his qualifications.

An employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified applicant or employee because of the need to provide reasonable accommodation.

There may be more than one reasonable accommodation of a disability. Where multiple potential modes of accommodation exist, the employer is entitled to select the mode of accommodation to the exclusion of other choices, if the accommodation is adequate.

---

[34] WPI 330.34

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 51

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1    An employer is not required to reassign an employee to a position that is

2 already occupied, create a new position, or eliminate or reassign essential job

3 functions as a reasonable accommodation.

4    The duty to accommodate is continuing. If an employer's first attempt at

5 accommodation fails, it must continue to attempt modes of accommodation unless

6 it can demonstrate that remaining modes of accommodation constitute an undue

7 hardship. An employer's previously unsuccessful attempts at accommodation do

8 not give rise to liability if the employer ultimately provides a reasonable

9 accommodation.

10    A reasonable accommodation may include adjustments in the manner in

11 which essential functions are carried out, work schedules, scope of work, and

12 changes in the job setting or conditions of employment that enable the person to

13 perform the essential functions of the job.

14    A reasonable accommodation may include unpaid medical leave.

15

16

17

18

19

20

21    PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 52

22

# INSTRUCTION NO. 34[35]

<u>WLAD—Employment discrimination—Disability Discrimination—Essential</u>

<u>Function—Definition</u>

An essential function is a job duty that is fundamental, basic, necessary and indispensable to filling a particular position, as opposed to a marginal duty divorced from the essence or substance of the job.

In determining whether a function is essential to a position, you may consider, among others, the following factors:

1.      The function may be essential because the reason the position exists is to perform that function;

2.      The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or

3.      The function may be highly specialized so that the employee in the position is hired for his or her expertise or ability to perform the particular function.

Evidence of whether a particular function is essential includes, but is not limited to:

1.      The employer's judgment as to which functions are essential;

---

[35] WPI 330.37

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1       2.      Written job descriptions prepared before advertising or

2 interviewing applicants for the job;

3       3.      The amount of time spent on the job performing the function;

4       4.      The consequences of not requiring the employee to perform the

5 function;

6       5.      The work experience of past employees in the job; and/or

7       6.      The current work experience of employees in similar jobs.

8

9

10

11

12

13

14

15

16

17

18

19

20

21  PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
    Page 54

22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 35[36]

## Damages – Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  amount by which damages would have been mitigated.

---

[36] 9th Cir. MCJI No. 5.3

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 36[37]

## Damages – Arising in the Future -Discount to present cash value

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

---

[37] 9th Cir. MCJI No. 5.4.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 56

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 37[38]

## Punitive Damages (ADA Only)

If you find for the plaintiff on his federal ADA claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or

---

[38] 9th Cir. MCJI No. 5.5. Defendant does not concede this is a punitive damages case.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 57

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1  severity, such as by misusing or abusing authority or power or by taking

2  advantage of some weakness or disability or misfortune of the plaintiff.

3      If you find that punitive damages are appropriate, you must use reason in

4  setting the amount.  Punitive damages, if any, should be in an amount sufficient

5  to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward

6  any party.  In considering the amount of any punitive damages, consider the

7  degree of reprehensibility of the defendant's conduct, including whether the

8  conduct that harmed the plaintiff was particularly reprehensible because it also

9  caused actual harm or posed a substantial risk of harm to people who are not

10 parties to this case.  You may not, however, set the amount of any punitive

11 damages in order to punish the defendant for harm to anyone other than the

12 plaintiff in this case.

13     In addition, you may consider the relationship of any award of punitive

14 damages to any actual harm inflicted on the plaintiff.

15

16

17

18

19

20

21

22

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 58

FP 44989069.7

# INSTRUCTION NO. 38[39]

## Insurance and Collateral

Whether or not a party has insurance, or any other source of recovery available, has no bearing on any issue that you must decide. You must not speculate about whether a party has insurance or other coverage or sources of available funds. You are not to make or decline to make any award, or increase or decrease any award, because you believe that a party may have medical insurance, liability insurance, workers' compensation, or some other form of compensation available. Even if there is insurance or other funding available to a party, the question of who pays or who reimburses whom would be decided in a different proceeding. Therefore, in your deliberations, do not discuss any matters such as insurance coverage or other possible sources of funding for any party. You are to consider only those questions that are given to you to decide in this case.

---

[39] WPI 2.13

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 59

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# PLAINTIFF'S DISPUTED INSTRUCTIONS

## INSTRUCTION NO. 39[40]

### ADA – Physical or Mental Impairment

The plaintiff claims that his disability was the reason for the defendant's decision to [discharge] [not hire] [not promote] [demote] [*state other adverse action*] [him] [her].  To succeed on this claim the plaintiff has the burden of proving the following by a preponderance of the evidence:

    1.    the plaintiff has a physical or mental impairment;

    2.    such physical or mental impairment substantially limited one or more major life activities;

    3.    the plaintiff was a qualified individual as that term is later defined in these instructions; and

    4.    the plaintiff was [[discharged] [not hired] [not promoted] [demoted] [state other adverse action] because of [his/her] physical or mental impairment.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

---

[40] 9TH Cir. MCJI 12.1.A

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 60

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1      Major life activities are the normal activities of living that a nondisabled

2  person can do with little or no difficulty, such as [*specify applicable major life*

3  *activities*].

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

**INSTRUCTION NO. 40[41]**

2

<u>ADA – Physical or Mental Impairment</u>

3      The first element of the ADA claim that the plaintiff must prove is that the

4  plaintiff has a recognized disability under the ADA. A "disability" under the ADA

5  is [[a physical or mental impairment] [a record of physical or mental impairment]

6  [being regarded as having a physical or mental impairment]] that substantially

7  limits one or more of the major life activities of such individual.

8      The terms disability and physical or mental impairment include [[(1) any

9  physiological disorder, or condition,] [cosmetic disfigurement, or anatomical

10  loss] affecting one or more of the following body systems: [neurological,]

11  [musculoskeletal,] [special sense organs,] [respiratory (including speech organs),]

12  [cardiovascular,]   [reproductive,]   [digestive,]   [genito-urinary,]   [hemic   and

13  lymphatic,] [skin and endocrine][;] [or] [(2) any mental or psychological disorder

14  such as] [intellectual disability,] [organic brain syndrome,] [emotional or mental

15  illnesses,] [and] [learning disabilities]].

16

17

18

19

20

_____

[41] 9TH Cir. MCJI 12.2

21  PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
   Page 62

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

**INSTRUCTION NO. 41[42]**

<u>ADA – Work as a Major Life Activity</u>

When the major life activity under consideration is that of working, the plaintiff must prove, by a preponderance of the evidence, that the plaintiff was substantially limited in [his] [her] ability to work compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Factors you may consider include the condition, manner or duration under which the plaintiff performs the work as compared to most people in the general population.

---

[42] 9TH Cir. MCJI 12.3

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 63

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

**INSTRUCTION NO. 42**[43]

2

ADA – Qualified Individual

3       The second element of the ADA claim that the plaintiff must prove is that

4    the plaintiff is a qualified individual under the ADA.

5       The term qualified individual means an individual with a disability who,

6    with or without a reasonable accommodation, can perform the essential functions

7    of the employment position that such individual holds or desires. The individual

8    must satisfy the requisite skill, experience, education, and other job-related

9    requirements of the employment position.

10

11

12

13

14

15

16

17

18

19

20    _____

[43] 9TH Cir. MCJI 12.5

21    PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
      Page 64

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

# INSTRUCTION NO. 43[44]

<u>Washington Law Against Discrimination – Elements of Retaliation Claim</u>

To prove retaliation under the Washington Law Against Discrimination, Plaintiff must establish that:

1.    Plaintiff engaged in protected activity;

2.    Defendant took an adverse employment action; and

3.    There is a "causal link" between the protected activity and the adverse action.

---

[44] *Hines v. Todd Pac. Shipyards Corp.,* 127 Wn. App. 356, 374 n.22, 112 P.3d 522 (2005).

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)- Page 65

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 44[45]

<u>Washington Law Against Discrimination – Elements of Retaliation Claim</u>

It is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of disability or providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred.

To establish a claim of unlawful retaliation by Community Health of Central Washington, Demetrious Vorgias has the burden of proving each of the following propositions:

(1) That Demetrious Vorgias was opposing what he reasonably believed to be discrimination on the basis of disability or was participating in a proceeding to determine whether discrimination or retaliation had occurred; and

(2) That a substantial factor in the decision to terminate was the Plaintiff's opposition to what he reasonably believed to be discrimination or retaliation or participating in a proceeding to determine whether discrimination or retaliation had occurred.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for

---

[45] WPI 330.05

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 66

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1   Demetrious Vorgias on this claim. On the other hand, if any one of these

2   propositions has not been proved, your verdict should be for Community

3   Health of Central Washington.

4        Demetrious Vorgias does not have to prove that his opposition or

5   participation was the only factor or the main factor in Community Health of

6   Central Washington's decision, nor does Demetrious Vorgias have to prove

7   that he would not have been terminated but for his opposition or participation.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 67

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 45[46]

## Damages - Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

[46] 9th Cir. MJCI 5.1

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 68

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 46[47]

## Measures of types of damages

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and that with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost up to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]

---

[47] 9th Cir. MJCI 5.2

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 69

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1    [The reasonable value of necessary [household help] [services other than

2  medical] [and] [expenses] required up to the present time;]

3        [The reasonable value of necessary [household help] [services other than

4  medical] [and] [expenses] that with reasonable probability will be required in

5  the future;]

6        [The reasonable value of necessary repairs to any property that was

7  damaged;]

8            [The difference between the fair market value of any damaged

9  property immediately before the occurrence and its fair market value

10  immediately thereafter;] [and]

11            [The reasonable value of necessary repairs to any property that

12  was damaged plus the difference between the fair market value of the property

13  immediately before the occurrence and its fair market value after it is repaired.]

14            [The lesser of the following:

15    1.    the reasonable cost of necessary repairs to any property that was

16  damaged plus the difference between the fair market value of the property

17  immediately before the occurrence and its fair market value after it is repaired;

18  or

19

20

21  PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
   Page 70

22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1        2.     the difference between the fair market value of the property

2 immediately before the occurrence and the fair market value of the unrepaired

3 property immediately after the occurrence.]

4        [Such sum as will reasonably compensate for any loss of use of

5 any damaged property during the time reasonably required for its [repair]

6 [replacement].]

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 71

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 47[48]

## Nominal Damages

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

---

[48] 9th Cir. MJCI 56

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

2

3    **DEFENDANT'S DISPUTED INSTRUCTIONS**

**INSTRUCTION NO. 48[49]**

ADA—Physical or Mental Impairment

4    The first element of the ADA claim that the plaintiff must prove is that the

5    plaintiff has a recognized disability under the ADA. A "disability" under the ADA

6    is a physical or mental impairment that substantially limits one or more of the

7    major life activities of such individual.

8    The terms disability and physical or mental impairment include any mental

9    or psychological disorder such as an intellectual disability, an emotional or mental

10   illnesses, or a learning disability.

11   You must determine whether the Plaintiff has shown that he had any

12   qualifying disability or disabilities during his employment with the defendant.[50]

13

14

15

16

17

18

19

20

21

22

---

[49] 9th Cir. MJCI 56

[50] *Steenmeyer v. Boeing Co.*, 92 F. Supp. 3d 1024, 1030 (W.D. Wash. 2015).

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 73

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

**INSTRUCTION NO. 49**[51]

2

<u>ADA—Work as Major Life Activity</u>

3

When the major life activity under consideration is that of working, the

4

plaintiff must prove, by a preponderance of the evidence, that the plaintiff was

5

substantially limited in his ability to work compared to most people in the general

6

population.

7

You must repeat that analysis for every "impairment" that the plaintiff

8

proved affected him during his employment.[52]

9

An impairment need not prevent, or significantly or severely restrict, the

10

individual from performing a major life activity in order to be considered

11

substantially limiting. Factors you may consider include the condition, manner,

12

or duration under which the plaintiff performs the work as compared to most

13

people in the general population.

14

15

16

17

18

19

20

[51] 9th Cir. MCJI 12.3.
[52] *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir.2014). *See also* 29 CFR §§ 1630.2(j)(1)(ii), (v); (j)(4)(i).

21

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 74

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

# INSTRUCTION NO. 50[53]

## ADA—Qualified Individual

The second element of the ADA claim that the plaintiff must prove is that the plaintiff was a qualified individual under the ADA at the time he was discharged, regardless of his prior or subsequent abilities.[54]

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

---

[53] 9th Cir. MCJI 12.5, with modifications.

[54] *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir.2000); *Steenmeyer v. Boeing Co.*, 92 F. Supp. 3d 1024, 1030 (W.D. Wash. 2015).

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 75

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1    **INSTRUCTION NO. 51**[55]

2    <u>Business Judgment</u>

3    In reaching your verdict about plaintiff's claim, you are not to second-guess

4    the defendant's business judgment or to otherwise substitute your judgment for

5    the business judgment exercised by the defendant. That is, you may not find in

6    favor of plaintiff simply because you disagree with the defendant's conduct or

7    because you believe that the defendant's conduct was unreasonable or unfair. It

8    does not matter whether the defendant's conduct was wise, fair, or correct—as

9    long as it did not constitute disability discrimination.

10

11

12

13

14

15

16

17

18

19

20    _____

[55] *Burchfiel v. Boeing Corp.*, 149 Wn. App. 468, 492 (2009). *See also* WPI 330.32 (notes).

21    PROPOSED JURY INSTRUCTIONS (21-03013 SAB)- Page 76

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

## INSTRUCTION NO. 52[56]

### Undue Hardship

An employer is not required to accommodate an employee's disability if it will impose an undue hardship on the operation of the employer's business. The defendant has the burden of proving an undue hardship.

The term undue hardship means an action requiring significant difficulty or expense. The factors to be considered in deciding whether an accommodation would cause undue hardship include:

1.     The size of and resources available to the employer.

2.     The number of persons employed at such facility, and the effect on expenses and resources.

3.     The type of operations the employer is involved in and the composition, structure, and functions of its work force.

4.     The impact of the accommodation upon the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facility's ability to conduct business.

5.     The requirements of other laws and contracts, and any other appropriate considerations.[57]

---

[56] WPI 330.36. *See also* 9th Cir. MCJI 12.8.
[57] WAC 162-22-075.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 77

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

## INSTRUCTION NO. 53[58]

2

### ADA—Defenses—Direct Threat

3    It is a defense to the plaintiff's reasonable accommodation claim under the

4    federal ADA if the plaintiff posed a direct threat to the health and safety of others.

5    The term "direct threat" means as a "significant risk to the health or safety of

6    others that cannot be eliminated by reasonable accommodation."[59] The defendant

7    may require, as a qualification for the position, that an individual not pose a "direct

8    threat" to the health or safety of others in the workplace. A health or safety risk

9    can only be considered if it is a significant risk of substantial harm. Assessment

10    of the existence of a direct threat must be based on valid and objective evidence

11    and not speculation.

12    A defendant claiming the direct threat defense must prove by a

13    preponderance of the evidence that the plaintiff posed a direct threat to the health

14    or safety of others that could not be eliminated by a reasonable accommodation.

15    Factors that may be considered in determining whether the plaintiff poses

16    a direct threat to the health and safety of others or to himself are:

17        1.    the nature and severity of the potential harm;

18        2.    duration of the potential harm;

19

20    [58] 9th Cir. MCJI 12.11.
      [59] 42 U.S.C. § 12111(3).

21    PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
      Page 78

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

3.    imminence of the potential harm; and

4.    probability of the harm occurring.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff, unless you also find that the defendant has proved this or another affirmative defense, in which event your verdict should be for the defendant.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 54[60]

## ADA—Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on Plaintiff's ADA disability discrimination claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1.     The emotional pain and suffering experienced [and that with reasonable probability will be experienced in the future;

2.     The reasonable value of salaries, employment, and employment opportunities lost up to the present time;

3.     The reasonable value of salaries, employment, and employment opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

---

[60] 9th Cir. MCJI 12.12; 5.1; 5.2.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 80

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 55[61]

## ADA—Damages—Back Pay—Mitigation

If you find for the plaintiff on his ADA claim, you must determine the plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any loss of pay and benefits you find was caused by the discriminatory act of the defendant. You may award the following:

**Back Pay**:

1.    **Award**: Back pay includes any lost pay and employee benefits the plaintiff would have received from the date the defendant discharged the plaintiff to the date of trial. The plaintiff has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

2.    **Mitigation of Back Pay Award**: The plaintiff has a duty to undertake reasonable measures to minimize his damages and the defendant is not required to compensate the plaintiff for avoidable damages. Thus, your award of back pay should be reduced by the amount of damages that the plaintiff actually avoided, or could have avoided, if he had made reasonable efforts. The defendant has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should reduced.

---

[61] 9th Cir. MCJI 11.13.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 81

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

Therefore:

     a.    You must deduct any wages or other earnings that the defendant proved that the plaintiff received from other employment from the date the defendant discharged the plaintiff to the date of trial.

     b.    If the defendant proves by a preponderance of the evidence either:

        i.    that the plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to plaintiff, or

        ii.    that the plaintiff failed to make reasonable efforts to find such new job;

you must subtract from the back pay award the amount of money you find that the plaintiff could have earned from the time the plaintiff could have obtained such new job or should have obtained from such new job, had he made reasonable efforts to find such new job to the date of trial.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 82

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 56**[62]

<u>WLAD—Employment Discrimination—Disability Discrimination—Undue</u>

<u>Hardship—Burden of Proof</u>

An employer is not required to accommodate an employee's disability if it would impose an undue hardship on the operation of the employer's business. The defendant has the burden of proving that an accommodation would impose an undue hardship on the defendant.

An accommodation is an undue hardship if the cost or difficulty is unreasonable, considering: the resources available to the employer, the requirements of other laws and contracts, and any other appropriate considerations.[63]

If you decide that Community Health of Central Washington has proven its undue hardship defense as to each accommodation, then your verdict should be for defendant on this claim.

---

[62] WPI 330.31.36
[63] WAC 162-22-075.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 57[64]

## WLAD Disability Discrimination – Measure of Damages

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the Plaintiff, you must determine the Plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for an injury you find was proximately caused by the defendant.

If you find for the plaintiff, you should consider the following:

1.      The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

2.      The reasonable value of lost future earnings and fringe benefits;

3.      The emotional harm to the plaintiff caused by the defendant's wrongful conduct, including emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by the plaintiff in the future.

---

[64] WPI 330.81.

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 84

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1         It is for you to determine what damages, if any, have been provided. The

2 burden of proving damages rests with the party claiming them, and it is for you

3 to determine, based upon the evidence, whether any particular element has been

4 proved by a preponderance of the evidence.

5         Any award of damages must be based upon evidence and not upon

6 speculation, guess, or conjecture. The law has not furnished us with any fixed

7 standards by which to measure emotional distress, humiliation, personal

8 indignity, embarrassment fear, anxiety, and/or anguish. With reference to these

9 matters, you must be governed by your own judgment, by the evidence in the

10 case, and by these instructions.

11

12

13

14

15

16

17

18

19

20

21

22

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 85

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

## INSTRUCTION NO. 58[65]

2    Employment Discrimination—Damages—Future Lost Earnings (Front Pay)

3        It is the duty of the court to instruct you as to the measure of damages. By

4    instructing you on damages, the court does not mean to suggest for which party

5    your verdict should be rendered.

6        If your verdict is for plaintiff, you must determine the amount of money

7    that will reasonably and fairly compensate plaintiff for such damages as you find

8    were proximately caused by the acts of defendant.

9        In calculating damages for future wage loss, you should determine the

10    present cash value of salary, pension, and other fringe benefits from today until

11    the time the plaintiff may reasonably be expected to fully recover from the

12    continuing effects of the discrimination, decreased by any projected future

13    earnings.

14        "Present cash value" means the sum of money needed now which, if

15    invested at a reasonable rate of return, would equal the amount of loss at the time

16    in the future when the earnings would have been received.

17        The rate of interest to be applied in determining present cash value should

18    be that rate which in your judgment is reasonable under all the circumstances. In

19    this regard, you should take into consideration the prevailing rates of interest in

20    _____

21    [65] WPI 330.81; 330.82. *See also* WPI 34.02.
     PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
     Page 86

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22    FP 44989069.7

the area that can reasonably be expected from safe investments that a person of

ordinary prudence, but without particular financial experience or skill, can make

in this locality.

In determining present cash value, you may also consider decreases in

value of money that may be caused by future inflation.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

# INSTRUCTION NO. 59[66]

## Employment Discrimination—Damages—Mitigation—Wage Loss

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate, the defendant has the burden of proving:

1. There were openings in comparable positions available for plaintiff elsewhere after defendant terminated him;

2. Plaintiff failed to use reasonable care and diligence in seeking those openings; and

3. The amount by which damages would have been reduced if plaintiff had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of the plaintiff and the job market in evaluating the reasonableness of the plaintiff's efforts to mitigate damages.

If you find that the defendant has proved all of the above, you should reduce your award of damages for wage loss accordingly.

---

[66] WPI 330.83

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

# INSTRUCTION NO. 60[67]

## Issues—Breach of Contract—Damages

The following is a summary of plaintiff's breach contract claim to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

1.    The plaintiff claims that the defendant entered into a contract with the plaintiff for employment as a medical resident. The plaintiff claims that the defendant breached this contract by terminating his employment before the end of his first year of residency.

The plaintiff claims to have sustained damages as a result of this breach of the contract, and he seeks a judgment against the defendant for these damages.

The defendant denies this claim.

2.    In addition, the defendant claims as an affirmative defense: that any breach was minor and that it substantially complied with the terms of the contract.[68]

The plaintiff denies this claim .

3. The defendant further denies that the plaintiff was damaged.

---

[67] WPI 300.01

[68] *See* Restatement (2d) of Contracts § 241; *DC Farms, LLC v. Conagra Foods Lamb Weston*, Inc., 179 Wn. App. 205, 221-22 (2014).

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 89

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 61[69]

## Contract Defined

A contract is a legally enforceable promise or set of promises.

---

[69] WPI 301.01

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

**INSTRUCTION NO. 62**

At Will Employment

In general, an employment relationship that is indefinite as to duration is terminable at will by either the employer or employee and does not create an enforceable contract. An employer has the right to discharge an at will employee, with or without a reason, in the absence of a contract for a specified period of time.[70]

---

[70] *Roberts v. Atl. Richfield Co.*, 88 Wn.2d 887, 891, 894 (1977).

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 91

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 63[71]

## Burden of Proof on the Issues—Breach of Contract—With Affirmative Defenses

The plaintiff has the burden of proving each of the following propositions on his claim of breach of contract:

1. That the defendant entered into a contract with the plaintiff;

2. That the terms of the contract included a promise to employ the plaintiff until June 24, 2019.

3. That the defendant breached the contract as claimed by the plaintiff;

4. That the plaintiff had performed his obligations under the contract; and

5. That the plaintiff was damaged as a result of the defendant's breach.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for the defendant. On the other hand, if each of these propositions has been proved, then you must consider the affirmative defense claimed by the defendant.

The defendant has the burden of proving the following affirmative defense: that the defendant substantially complied with the terms of any agreement and that any breach was minor.[72] If you find from your consideration of all the

---

[71] WPI 300.03

[72] *See* Restatement (2d) of Contracts § 241; *DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 179 Wn.App. 205, 221-22 (2014).

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

evidence that this affirmative defense has been proved, your verdict should be for the defendant on this claim. On the other hand, if this affirmative defense has not been proved, then your verdict should be for the plaintiff on this claim.

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1

**INSTRUCTION NO. 64**[73]

2

Contract Interpretation

3      A contract is to be interpreted to give effect to the intent of the parties at

4   the time they entered the contract.

5      You are to take into consideration all the language used in the contract,

6   giving to the words their ordinary meaning, unless the parties intended a different

7   meaning.

8      You are to determine the intent of the contracting parties by viewing the

9   contract as a whole, considering the subject matter and apparent purpose of the

10  contract, all the facts and circumstances leading up to and surrounding the making

11  of the contract, the subsequent acts and conduct of the parties to the contract, and

12  the reasonableness of the respective interpretations offered by the parties.

13

14

15

16

17

18

19

20   _____

[73] WPI 301.05

21   PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
     Page 94

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

22

FP 44989069.7

# INSTRUCTION NO. 65[74]

## Material Breach—Definition

A "material breach" is a breach that is serious enough to justify the other party in abandoning the contract. A "material breach" is one that substantially defeats the purpose of the contract, or relates to an essential element of the contract, and deprives the injured party of a benefit that he or she reasonably expected.

---

[74] WPI 302.03

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 66[75]

Measure of Expectation Damages—Breach of Contract—No Counterclaim

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In order to recover actual damages, the plaintiff has the burden of proving that the defendant breached a contract with plaintiff, and that plaintiff incurred actual economic damages as a result of the defendant's breach, and the amount of those damages.

If your verdict is for plaintiff on plaintiff's breach of contract claim and if you find that plaintiff has proved that plaintiff incurred actual damages and the amount of those actual damages, then you shall award actual damages to the plaintiff.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

　　1.　　In the ordinary course of events, or

---

[75] WPI 303.01

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 96

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1    2. As a result of special circumstances, beyond the ordinary course of

2  events, that the party in breach had reason to know.

3    In calculating the plaintiff's actual damages, you should determine the

4  sum of money that will put the plaintiff in as good a position as plaintiff would

5  have been in if both plaintiff and defendant had performed all of their promises

6  under the contract.

7    The burden of proving damages rests with the plaintiff and it is for you to

8  determine, based upon the evidence, whether any particular element has been

9  proved by a preponderance of the evidence. You must be governed by your own

10  judgment, by the evidence in the case, and by these instructions, rather than by

11  speculation, guess, or conjecture.

12

13

14

15

16

17

18

19

20

21

22

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

# INSTRUCTION NO. 67[76]

## Contract—Mitigation of Damages

A plaintiff who sustains damage as a result of a defendant's breach of contract has a duty to minimize the loss suffered by plaintiff. The plaintiff is not entitled to recover for any part of the loss that plaintiff could have avoided with reasonable efforts. The defendant has the burden to prove the plaintiff's failure to use reasonable efforts to minimize the loss suffered by plaintiff, and the amount of damages that could have been minimized or avoided.

---

[76] WPI 330.06

PROPOSED JURY INSTRUCTIONS (21-03013 SAB)-
Page 98

FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 44989069.7

1    SO SUBMITTED THROUGH COUNSEL OF RECORD:

2    Dated this 24th day of August, 2022

3

| FISHER PHILLIPS LLP | LARSON \| GRIFFEE \| PICKETT, PLLC |
|---|---|
| By: *s/ Catharine Morisset* | By: s/William Pickett |
| Catharine M. Morisset, WSBA #29682 | William D. Pickett, WSBA #27867 |
| Suzanne Michael, WSBA #14072 | 105 N. Third Street |
| Clarence Belnavis, WSBA #36681 | Yakima, Washington 98901 |
| 1700 7th Avenue, Suite 2200 | Tel: 509-972-1825 |
| Seattle, WA 98101 | bill@lgplawfirm.com |
| Phone: (206) 682-2308 | *Attorney for Plaintiff* |
| Fax: (206) 682-7908 | |
| cmorisset@fisherphillips.com | |
| smichael@fisherphillips.com | |
| cbelnavis@fisherphillips.com | |
| *Attorneys for Defendants* | |
| LAW OFFICES OF LUAN T. LE | LAW OFFICES OF SETH W. WIENER |
| By: s/Luan Le | By: s/Seth W. Wiener |
| Luan T. Le. CSBA #171029 | Seth W. Wiener, CSBA #203747 |
| 1190 S Bascom Avenue, Suite 213 | 609 Karina Court |
| San Jose, CA 95128 | San Ramon, CA 94582 |
| Email: ledowningllp@gmail.com | Email: sethwiener@yahoo.com |
| *Attorney for Plaintiff – Pro Hac Vice* | *Attorney for Plaintiff – Pro Hac Vice* |